## Clark v. Clearfield Opera House Co. et al., Appellants.

*Workmen's compensation—Loss of use of leg—Extension of injury to other parts of the body—Permanent disability—Causal connection—Old age—Anticipated injury—Act of June 2, 1915, section 306, P. L. 736.*

1. Where an injury to the hip-joint of a workman involves not only the complete loss of the use of a leg, but also extends to wider areas beyond the leg proper, directly affecting the body above, involving total disability, compensation is not to be made under section 306 (c) of the Act of June 2, 1915, P. L. 736, as for the loss of a member, but under section 306 (a), as for total disability.

2. If necessary to sustain the award because the claimant is an old man, it seems the court would do so, as both employer and insurer must have known such accidents, with like results, may happen to old men.

Argued April 19, 1922. Appeal, No. 191, Jan. T., 1922, by defendants, from order of C. P. Clearfield Co., May T., 1921, No. 108, affirming decision of Workmen's Compensation Board, in case of Thomas E. Clark v. Clearfield Opera House Company, defendant and Globe Indemnity Co., Insurance Carrier. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board affirming award of referee. Before BELL, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Defendants appealed.

*Error assigned,* inter alia, was order, quoting it.

*Owen J. Roberts,* of *Roberts, Montgomery & McKeehan,* with him *Robert T. McCracken,* for appellants.

*Harry Boulton,* of *Boulton & Forsyth,* with him *F. Cortez Bell,* for appellee.

OPINION BY MR. JUSTICE KEPHART, June 24, 1922:

The principles of law applicable to this case are found in Lente v. Luci [supra, p. 217], handed down this day, and need not be here repeated. The claimant, seventy-nine years of age, is suffering from an ununited fracture of the neck of the left femur, in that part of the bone that forms the hip-joint,—known as an intra-capsular fracture, and the portion of the body directly affected is the hip-joint. If claimant was to suffer an amputation to relieve his condition, it would be a hip-joint amputation. Compensation was directed, under section 306 (a), for total disability.

Appellants urge this is a permanent injury, causing the loss of the use of a leg, and should be compensated under paragraph (c) of section 306 of the Compensation Act. It is a permanent injury, but it covers a wider area and extends beyond the leg proper; it is not denied there is complete loss of the left leg. The injury affects the physical structure of the body in a manner that does not normally follow accidents of this character, where the bones unite. It involves the leg and the hip-joint, and is attended with unusual pain and suffering in the region of and above the hip-joint when claimant sits up, lies down or changes position. He is not able to dress or bathe himself, get into bed or attend to his bodily requirements without assistance. This is a direct result of the permanent injury, with a direct relation to it and a causal connection beyond any disability, disadvantage or suffering that would ordinarily come from the loss of a leg. The physical structure of the body (the hip-joint and parts above) is affected through the nerves, tissue, blood supply, muscles, bony tissue and other parts which

make up the hip-joint, not a part of the leg from the joint to the foot. These conditions are not the normal result of the loss of a leg, and when such conditions exist, most unusual in their nature, followed by a disability, they cannot be solely attributed to the permanent or actual loss of the member. If claimant could undergo an operation, it would be one involving not only the leg but the hip-joint as well, incidentally removing one-sixth of the body. What further effect it might otherwise have, destroying or injuring the structure, we do not know; the present situation shows that a large part of the body is practically useless.

Captain Clark has been found to be totally disabled; our conclusion is not influenced because of his age, though humane principles should guide us in the interpretation of this law. If necessary to sustain the award because claimant is an old man, predisposed to such accidents, we would not hesitate to do so, as both employer and insurer must have known such accidents, with like results, may happen to old men. We stand, however, on the causal connection between the injured part and the other affected parts of the body as a direct result of the injury. Section 306 (c) does not cover injuries to other members of the body not there mentioned, though produced by the same wound and accident.

The order of the court below is affirmed.