Toth *v.* Pittsburgh Terminal Coal Corp., Appellant.

Argued May 8, 1933. Before TREX-
LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and JAMES, JJ.

*Sidney J. Watts* of *Baker & Watts,* for appellant.

*George S. Goldstein,* for appellee.

OPINION BY BALDRIGE, J., July 14, 1933:

The sole question raised in this appeal is whether
the injured employee should be compensated pursuant
to the provisions of Section 306 (a) of the Workmen's

Compensation Act, as the court held, or in accordance with the provisions of Section 306 (c), as contended by the appellant.

The claimant, on February 10, 1928, sustained an injury. Compensation was awarded, to continue as long as his disability should exist, within the limitations of the act. On February 13, 1932, the appellant filed a petition for termination or modification of the award, setting forth that claimant's injury had resulted in the permanent loss of the use of his leg, and prayed that the award be modified accordingly. The referee dismissed the petition, the board affirmed his order, and upon appeal to the court of common pleas, exceptions were overruled, and the appeal was dismissed.

The claimant suffered a traumatic dislocation of the hip. The left leg is two or two and a half inches shorter than the right. He suffers constant pain in his hip and groin, he cannot lie on his left side, and can only stand or walk with the aid of crutches for periods of about ten minutes at a time. Dr. Jackson, called upon the part of the claimant, testified that the claimant has no real hip joint; that the capsule of the joint has been damaged by an incision into it, and when he attempts to walk, the remaining portion of the femur slips about beyond his control, so that he is totally incapacitated; that the injury and muscles involved are not limited to the leg, but extend beyond its anatomical limits; that it would be impossible to remove the leg in its present condition and replace it with an artificial one; and, as a result, the claimant is worse off than a man who has a good hip joint with his leg amputated. The referee was warranted, therefore, in finding that a portion of the physical structure of the claimant's body, distinct from his leg, is permanently affected by the injury.

This case is clearly ruled by Clark v. Clearfield

Opera House Co. et al., 275 Pa. 244, 246, 119 A. 136, where the claimant suffered a fracture of the neck of the femur. The appellants claimed that compensation should have been awarded, as here contended, based upon the loss of the use of a leg, under paragraph c of Section 306. Justice KEPHART, speaking for the Supreme Court, held that not only the leg but also the hip joint was involved. He said: "These conditions are not the normal result of the loss of a leg, and when such conditions exist, most unusual in their nature, followed by a disability, they cannot be solely attributed to the permanent or actual loss of the member. If claimant could undergo an operation, it would be one involving not only the leg but the hip-joint as well, incidentally removing one-sixth of the body." Captain Clark's injury was no greater or more unusual than the claimant's in the case at bar.

We find no conflict, as contended by the appellant, in the Clark case, Lente v. Luci, 275 Pa. 217, 119 A. 132, and O'Donnell v. South Fayette Twp. School District, 105 Pa. Superior Ct. 488, 161 A. 887. All these cases distinctly recognize that if the physical structure of the body beyond the leg proper is permanently affected by the injury, Section 306 (a) is applicable.

The order of the court below is affirmed.