Cole *v.* Stewart et al., Appellants.

Argued December 12, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*A. Albert Gross,* and with him *Asher Seip,* for appellants.

*C. T. Woodring,* and with him *Francis E. Walter,* for appellee.

OPINION BY BALDRIGE, J., February 1, 1934:

The claimant in this workmen's compensation case, on October 1, 1928, while working as a carpenter, fell off the roof and sustained a fracture of the neck of the right thigh bone at a point where it fits into the pelvic socket. An agreement was entered into November 15, 1928, and compensation was paid for 215 weeks. On January 13, 1932, the defendant and insurance carrier filed a petition for the modification of the agreement, alleging that the claimant's disability amounted only to the industrial loss of the use of his leg. The referee sustained this contention, and held that the claimant came under section 306 (c) of the Workmen's Compensation Act (77 PS §513); and modified the agreement accordingly. On appeal, the board reversed the referee's findings, and found that the effects of the injury were not confined to the leg, but directly affected the hip joint and back, causing disability in addition to the loss of the use of the leg; and the appellants were directed to resume payments for total disability, as provided under section 306 (a). The court of common pleas, on appeal, sustained the board. We find no error in so doing.

In referring to the testimony, we find that Dr. West, called by the appellants, testified that upon his examination of the claimant, he found that there is no union of the bones; that the hip joint is completely ankylosed, which causes him to throw his leg out of

line when he walks; that he sustained a loss of the industrial use of his leg, "injury to his right hip," and his back is indirectly affected. The claimant testified as to pain over his hip joint and as to his difficulty in moving about. This evidence was sufficient for the fact finding body to conclude that, as the direct result of the accident, there was an injury not only to his leg, but also to his back and hip.

There is a striking similarity in these facts to Toth v. Pittsburgh Terminal Coal Corp., 110 Pa. Superior Ct. 163, 167 A. 438, and Clark v. Clearfield Opera House Co. et al., 275 Pa. 244, 119 A. 136. In each of those cases, there was not only a complete loss of the use of the leg, but, as here, the injuries also extended to a wider area. Those cases held that section 306 (a) was applicable; and they are controlling in the case at bar.

Order of the learned court below is affirmed.