Yanik, Appellant, *v.* Pittsburgh Terminal Coal
Corporation et al.

Argued April 28, 1942.

Before Keller, P. J., Cunningham, Baldrige, Rhodes, Hirt and Kenworthey, JJ.

*John E. Evans, Jr.,* of *Evans, Evans & Spinelli,* with him *Fred J. Jordan* and *Arthur L. McLaughlin, Jr.,* for appellant.

*S. H. Torchia,* with him *Ralph H. Behney, R. M. Gibson, Jr., P. V. Neel,* and *Claude T. Reno,* Attorney General, for appellee.

Opinion by Rhodes, J., July 31, 1942:

Claimant, a coal miner, while in the course of his employment with defendant employer, sustained severe injuries on April 14, 1932, when the mine car in which he was riding was derailed. The injuries which he sustained required the amputation of the right leg below the knee. The parties entered into an agreement for the payment of compensation for 215 weeks for the loss of the right leg. Section 306 (c) of the Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186, §1, 77 PS §513. The accident and the injury were described in the agreement as follows: "Riding out on motor at quitting time and motor jumped track at curve and caught leg between motor

and rib, sustaining: Comminuted fracture upper third of right fibula." Compensation payments under the agreement expired on June 4, 1936. Claimant refused to accept final payment and to sign a final receipt.

On November 10, 1937, more than 17 months after the expiration of the definite period of 215 weeks, claimant filed a petition to review the agreement, and reference was made to the first paragraph of section 413 of the Act of June 26, 1919, P. L. 642 (which amended the Workmen's Compensation Act of June 2, 1915, P. L. 736), as amended by the Act of April 13, 1927, P. L. 186, §6, 77 PS §771. The petition reads in part as follows: "Since the expiration of the 215 weeks period I have been totally disabled and am still totally disabled as a result of the injury."[1] Defendants filed an answer in which they denied that claimant was totally disabled, and averred that he suffered no disability other than that for which he had received compensation. They asked for the dismissal of the petition on the ground that it was not within the limitation period.

At the hearing before the referee claimant sought to prove that from the accident he suffered disability separate, apart, and distinct from that incident to the loss of his right leg, that is, disability arising from injuries to the hip and hip joint and lower portion of

---

[1] His petition is to be read in the light of the testimony (*Gardner v. Pressed Steel Car Co. et al.*, 122 Pa. Superior Ct. 592, 598, 186 A. 410) by which claimant sought to establish a disability separate, apart, and distinct from that which would normally result from the loss of the right leg, and a mistake of fact existing at the time the agreement was made. Hence the first paragraph of section 413, 77 PS §771, is applicable. See *Busi v. A. & S. Wilson Co. et al.*, 110 Pa. Superior Ct. 95, 98, 99, 167 A. 655; *Zupicick v. Philadelphia & Reading Coal & Iron Co.*, 108 Pa. Superior Ct. 165, 168, 164 A. 731; *Savidge v. Dime Trust & Safe Deposit Co. et al.*, 108 Pa. Superior Ct. 333, 339, 164 A. 734; *Corniak v. Cohen et al.*, 150 Pa. Superior Ct. 140, 27 A. 2d 560.

the back and extending beyond the 215 week period, and that as a result he was still totally disabled.

The referee found that claimant had been totally disabled as a result of the injury sustained by his accident, and that such disability was still present. He made an award for total disability under section 306 (a) of the Act of 1915, as amended, 77 PS §511.

Upon appeal by defendants the case was remanded by the board to the referee in order that he might determine whether claimant had sustained disabling injuries other than those described in the compensation agreement, and, if it was found that he had, then to determine whether the parties entered into the agreement in ignorance or with knowledge of the actual facts.

As suggested by the board, the referee heard additional medical testimony. He made new findings of fact, and again allowed compensation for total disability, but he failed to make the specific findings for which purpose the case had been remanded to him by the board.

Defendants again appealed to the board which sustained the appeal. The board substituted its own finding for the referee's sixth finding of fact, and made an additional finding, the seventh finding of fact. These findings read as follows:

"Sixth: From the preponderance of credible and competent testimony we find as a fact that the compensation agreement between the parties was entered into by the claimant with full knowledge of the injuries sustained by him, that the agreement substantially described the injuries received by him.

"Seventh: That whatever disability claimant is now suffering is directly due and traceable to the amputation of his right leg below the knee and is such as usually and normally follows an amputation such as claimant was forced to undergo as a result of the accident."

Claimant appealed to the court of common pleas, and that court affirmed the board for two reasons, (1) that it was bound by the findings of the board, and (2) that the review petition was filed too late. Claimant has now appealed to this court.

We shall first dispose of the second reason assigned by the court below. This proceeding is under the first paragraph of section 413 of the Act of June 26, 1919, P. L. 642 (which amended the Workmen's Compensation Act of June 2, 1915, P. L. 736), as amended by the Act of April 13, 1927, P. L. 186, §6, 77 PS §771. If an employee has been totally disabled under section 306 (a), 77 PS §511, and if the compensation agreement, because of a mistake of fact, was entered into for the permanent loss of a member compensable under section 306 (c), the period within which he must move to review the agreement under section 413, 77 PS §771, is not the number of weeks specified in the agreement, but the period fixed by section 306 (a), 77 PS §511, for total disability. In other words, the agreement may be reviewed at any time during the period that it would have run if it had been correctly drawn at the time it was executed. *Johnson v. Purnell et al.*, 131 Pa. Superior Ct. 230, 235, 200 A. 151. See, also, *Kitchen v. Miller Bros. Co. et al.*, 115 Pa. Superior Ct. 141, 145, 146, 147, 174 A. 919; *Tinsman v. Jones & Laughlin Steel Corp.*, 118 Pa. Superior Ct. 516, 525, 180 A. 175; *Strickland v. Baugh & Sons et al.*, 139 Pa. Superior Ct. 273, 277, 11 A. 2d 547.

If claimant in the present case sustained an injury to his hip or hip joint, in addition to the injury to his leg, at the time of the accident, and he was then totally disabled from working because of those injuries, the agreement entered into between the parties was not a full and correct statement of the accidental injury sustained by him, nor did it then substantially describe the injuries received by him, as

found by the board, and compensation would not be payable under section 306(c), 77 PS §513, but under section 306 (a), 77 PS §511. *Mancini v. Pennsylvania Rubber Co. et al.*, 147 Pa. Superior Ct. 359, 363, 364, 24 A. 2d 151. See, also, *Clark v. Clearfield Opera House Co. et al.*, 275 Pa. 244, 119 A. 136; *Toth v. Pittsburgh Terminal Coal Corp.*, 110 Pa. Superior Ct. 163, 167 A. 438; *Cole v. Stewart et al.*, 111 Pa. Superior Ct. 561, 170 A. 311. If, however, claimant's disability resulted solely from the loss of the leg, he is not entitled to additional compensation even though he may be totally disabled because of this permanent injury. *Morrow v. James S. Murray & Sons et al.*, 136 Pa. Superior Ct. 277, 284, 7 A. 2d 109; *Croll v. Miller et al.*, 133 Pa. Superior Ct. 448, 454, 455, 456, 2 A. 2d 527; *Zuro v. McClintic Marshall Co.*, 129 Pa. Superior Ct. 143, 147, 148, 195 A. 160. Where it is claimed that some other part of the body is affected "there must be a destruction, derangement or deficiency in the organs of the other parts of the body. It does not include pain, annoyance, inconveniences, disability to work or anything that may come under the term 'all disability,' or normally resulting from the permanent injury": *Lente v. Luci*, 275 Pa. 217, at page 222, 119 A. 132, at page 134; *Casper v. State Workmen's Insurance Fund et al.*, 132 Pa. Superior Ct. 96, 104, 105, 200 A. 186.

At the first hearing, Dr. James O. Wallace, an orthopedic surgeon who examined claimant immediately after the accident and again at the time of the hearing, was called on claimant's behalf. After describing the condition of claimant's right leg, he testified: "The right femur, the lower section of the circumference of the head is flattened in contrast to the right segment of the opposite side showing there has been some trouble in the right hip joint. ...... This man has had an injury to his right hip joint, a bad crushing of the right leg

with osteomyelitis of the bone which has resulted in ankylosis of the knee joint.". He stated that at the time of the accident claimant was in such a critical condition due. to his crushed leg that no one could discern other injuries. He was of the opinion that claimant's present condition was due to the accident, and that he was totally disabled.

Claimant, who could not read or write, testified that since the accident he was unable to work or walk around.

Two doctors were called at the second hearing. Dr. Nelson P. Davis, who amputated claimant's leg, described the extent of injury to the leg and its condition after amputation. His examination at the time of the operation disclosed that claimant's "right leg and the lower part of his thigh were badly crushed. This crush involved the knee joint, the upper half of the leg and the lower third of the thigh." He was of the opinion that claimant's disability was from the loss of the leg. He found no injury to the spine, and made no mention of any hip injury. He did not consider claimant totally disabled.

. Dr. Emmett Davis, the family physician, testified that his examination of claimant disclosed "a scar over his hip that might have been a superficial injury." He also testified that claimant's disability was the result of "his right hip and his stump." However, preceding the expression of this opinion he said: "Insofar as the man's hip is concerned, it depends on X-ray pictures and requires an orthopedic surgeon to answer that. I don't feel qualified to answer that."

It is apparent that the testimony presented on behalf of claimant required a determination of the question whether or not claimant sustained any injury to other parts of his body at the time of the accident in addition to the injury to his leg, particularly to the hip joint.

We are not unmindful that the Workmen's Compensation Board is the final fact-finding body in compensation cases; that the credibility of witnesses is for the board; that, where there is competent and substantial evidence sufficient to support the findings of fact made by the board, such findings are conclusive; and that our courts have no power to weigh the evidence and revise those findings or reverse the final action of the board. But whether there is such competent and substantial evidence, and whether the law has been properly applied are questions which are reviewable. In the case before us the referee failed to make specific findings on the matters requested by the board, and the board on appeal to it made no distinct and specific findings of fact on the material point in question. We consider it necessary, in order to properly dispose of this case, that there be a specific finding as to whether or not the accident resulted in a definite injury to claimant's hip or hip joint, in addition to the injury to his leg, causing a disability separate and distinct from the disability incident to, or normally flowing from, the loss of his leg and extending beyond 215 weeks. Moreover, the testimony does not support the board's finding that claimant entered into the agreement with full knowledge of the injury sustained by him. The only legitimate inference is to the contrary. Dr. Nelson P. Davis makes no mention of a hip injury; Dr. Emmett Davis expressed no certain opinion; but Dr. Wallace testified that claimant had an injury to his hip joint, and that at the time of the accident the leg was so badly injured and he was in such condition that one could not tell anything about other parts of the body. We also feel that claimant has the right to the assurance that when the board declared that his disability was directly due and traceable to the amputation of the right leg below the knee, it clearly recognized just what his injuries were at the time of the accident. From our reading of the testi-

mony and the board's opinion, it seems to us that the board was under the impression that the injury to the hip joint constituted an injury to the leg. Our authorities are to the contrary. See *Clark v. Clearfield Opera House Co. et al.,* supra; *Toth v. Pittsburgh Terminal Coal Corp.,* supra; *Cole v. Stewart et al.,* supra. In order that there may be a definite determination of the nature and extent of claimant's injuries and the resulting disability, the record will be returned to the compensation authorities.

The judgment is vacated, and the record is remitted to the court below with direction to return it to the board for specific findings upon the matters indicated in this opinion and for further proceedings not inconsistent herewith; and each side shall be permitted to present additional evidence.