## Hayden, Appellant *v.* Stony Spring Coal Company et al.

Argued April 17, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*H. L. Abrams,* with him *Goethe Faust,* for appellant.

*Robert W. Smith, Jr.,* with him *Smith, Best & Horn,* for appellee.

OPINION BY RHODES, J., July 19, 1945:

The Workmen's Compensation Board affirmed an order of the referee granting defendant's petition to modify an agreement for total disability so as to provide for loss of claimant's left leg as provided by section 306 (c) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as reenacted and amended by the Act of June 4, 1937, P. L. 1552, 77 PS §513. An appeal from the order of the board was taken to the court of common pleas which dismissed the exceptions of claimant, affirmed the order of the board, and entered judgment accordingly. Claimant has appealed to this court from the judgment thus entered.

Claimant was injured in the course of his employment with defendant on January 5, 1938. His left leg was fractured in three places. One of the fractures was at the left knee, a second through the middle third of the left femur, and the third was an oblique fracture at the neck of the left femur. The referee's finding, affirmed by the board, is to the effect that claimant's disability resulted from the loss of the use of his left leg due to the accident on January 5, 1938; that his injury is confined to his left leg; that the left hip joint is normal in motion, function, and appearance; and that he suffered no injury to any other part of his body separate and apart or in addition to the loss of the use of his left leg.

Claimant's position seems to be that he is totally disabled, and that as a result of the accident he sustained injuries to hip joint in addition to the injury to his leg which have produced his total disability. Where an employee has lost the use of a leg as the result of a compensable accident, he is not entitled to additional compensation for total disability under section 306 (a) of the Act of June 2, 1915, P. L. 736, as reenacted and

amended, 77 PS §511, unless the injury extended beyond the leg. *Zuro v. McClintic Marshall Co.,* 129 Pa. Superior Ct. 143, 147, 148, 195 A. 160; *Casper v. State Workmen's Insurance Fund et al.,* 132 Pa. Superior Ct. 96, 200 A. 186; *Yanik v. Pittsburgh Terminal Coal Corp. et al.,* 150 Pa. Superior Ct. 148, 153, 27 A. 2d 564.

The medical testimony is conflicting, but the issue is factual and consequently is for the compensation authorities. There is sufficient in the record to support the basic finding to which we have referred. There is no dispute as to claimant's loss of the use of his left leg. The issue was the extent of claimant's injury. Dr. John F. Maurer testified that the left hip joint proper was normal and compared favorably with the right hip joint; and that he found no involvement in the hip joint. Dr. D. Ray Murdock said he found no interference in function in the left hip; that the hip joint—not a part of the leg—was not involved and was not impaired; and that the break through the neck of the left femur had completely healed. Dr. Richard S. Cole was of the opinion that motion at the left hip joint was entirely free in extension, flexion, and adduction. Dr. Cole and Dr. Murdock were also of the opinion that claimant's disability resulted entirely from the permanent injury to his left leg, and that there were no injuries to any other part of his body.

Claimant argues that this case is controlled by *Clark v. Clearfield Opera House Co. et al.,* 275 Pa. 244, 119 A. 136, and *Yanik v. Pittsburgh Terminal Coal Corp. et al.,* supra, 150 Pa. Superior Ct. 148, 27 A. 2d 564. In the *Clark* case it was found that claimant's injury covered a wider area and extended beyond the leg proper—involving the leg and the hip joint. The court said (275 Pa. 244, at page 245, 119 A. 136, at page 137) that claimant suffered "from an ununited fracture of the neck of the left femur, in that part of the bone that forms the hip-joint,—known as an intra-capsular fracture, and the portion of the body directly affected [was]

the hip-joint." The award was sustained as there was testimony to support the findings of the compensation authorities. In the *Yanik* case we remitted the record that there might be a definite determination of the nature and extent of claimant's injuries and the resulting disability, as the board seemed to be under the impression that the injury to the hip joint constituted an injury to the leg.

Had the compensation authorities found for claimant, we would have a different situation, and the *Clark* case might be applicable. But as their findings are supported by sufficient competent evidence we cannot disturb them, and the judgment as entered must be affirmed. *Schumacher v. J. C. Wilson, Inc., et al.,* 157 Pa. Superior Ct. 249, 42 A. 2d 191.

Judgment is affirmed.