## Manno, Appellant, *v.* Tri-State Engineering Company.

Argued April 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harold S. Hampson,* for appellant.

*David M. Kaufman,* with him *J. H. Alexander* and *Alexander, Clark & Stewart,* for appellee.

OPINION BY RHODES, J., July 19, 1946:

Claimant sustained an accidental injury while in the course of his employment with defendant on September 21, 1941, in the nature of a comminuted fracture

of the right fibula and a fracture of the right tibia extending into the knee joint surface. A residual traumatic arthritis followed. The parties entered into an open agreement for the payment of compensation. Defendant subsequently filed a petition to terminate. Before the issue raised by the petition and answer had been adjudicated, claimant's injured knee gave way, on February 13, 1943, causing him to fall. His right hip was fractured. The referee and the board found that this injury was related to the original accident of September 21, 1941, and awarded compensation for total disability. Defendant filed a petition for modification in which it was alleged that claimant's disability was no longer total. The petition was amended at the hearing before the referee to aver that claimant had lost the industrial [1] use of his right leg. The referee found that claimant was totally disabled as the result of both injuries, and that the injuries extended beyond the leg. The Workmen's Compensation Board affirmed the referee's findings of fact, conclusions of law, and order dismissing defendant's petition for modification. The court of common pleas on appeal by defendant from the action of the board reversed the board, and found that claimant had permanently lost the industrial use of his right leg but that the injuries did not extend beyond the leg. Judgment was thereupon entered in favor of claimant and against defendant in accordance with the provisions of section 306(c) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as reenacted and amended by the Act of June 21, 1939, P. L. 520, § 1, 77 PS § 513. Claimant has appealed to this court from that judgment.

---

[1] Section 306 (c), art 3, of the Act of June 2, 1915, P. L. 736, as amended by the Act of June 4, 1937, P. L. 1552, § 1, provided that the permanent loss of the use of a leg for industrial purposes should be considered as the equivalent of the loss of such leg. By the Act of June 21, 1939, P. L. 520, § 1, the words "for industrial purposes" were eliminated from section 306 (c), 77 PS § 513.

There seems to be no question about claimant's total disability as a result of his injuries. The controversy arises over the extent of his injuries, and whether he should be compensated under section 306(a) of the Act of June 2, 1915, P. L. 736, as reenacted and amended by the Act of June 21, 1939, P. L. 520, § 1, 77 PS § 511, or under section 306(c), 77 PS § 513.

Claimant was admitted to the hospital on February 13, 1943, with an intracapsular fracture of the right femur. There has been a marked absorption of the neck of the femur, and there has been no union of the fracture. It is held in position by a nail (Smith-Peterson) and the surrounding fibrous and muscular tissues. The external rotation of claimant's hip is limited and painful. He has little, if any, internal rotation, and pain results in attempting any motion. He is not able to dress or undress himself. Any movement causes tension not only in the muscles of the leg but in other muscles of the body. He lacks coordination and balance, and he cannot bend his body. There was medical testimony to the effect that such bending was primarily a function of the spine. Claimant is afflicted with pain and stiffness in and around the hip joint, as well as in his leg.

Defendant's medical expert was of the opinion that claimant had lost the industrial use of his right leg, and that his entire disability results from the leg itself. This witness, however, recognized that the fracture of the femur was inside the hip joint.

Claimant's medical expert testified in detail as to claimant's injuries and their effect upon him, and it was his opinion that claimant's injuries affected many portions of his body beyond his right leg.

Assuming that there is a loss of the use of the leg as a result of the accident, the finding that claimant's injuries extended beyond the leg in producing total disability is not without justification, and is supported by competent evidence. The conditions cannot be solely

attributed to a permanent loss of the use of claimant's right leg.

Defendant, in seeking to modify the award, had the burden of establishing the allegations upon which it relied. *Zuro v. McClintic Marshall Co.,* 129 Pa. Superior Ct. 143, 145, 195 A. 160. The credibility of the witnesses and the weight to be given to their testimony were for the board. This also applies to those who qualified as experts. This is a case in which the opinions of the medical experts were conflicting. Under such circumstances it was for the board to determine which should be adopted.

As it can be said that the physical structure of claimant's body beyond the leg proper was affected by the injuries, section 306(a), 77 PS § 511, of the act is applicable.

We think the facts are analogous to those in *Clark v. Clearfield Opera House Co. et al.,* 275 Pa. 244, 119 A. 136, where it was found that claimant's injury consisting of an ununited fracture of the neck of the left femur (an intracapsular fracture) covered a wider area and extended beyond the leg proper, involving the leg and the hip joint. In *Cole v. Stewart et al.,* 111 Pa. Superior Ct. 561, 170 A. 311, it was found that the effects of claimant's injury were not confined to the leg, but that the injury directly affected the hip joint and back, thereby causing disability in addition to the loss of the use of the leg. In *Toth v. Pittsburgh Terminal Coal Corp.,* 110 Pa. Superior Ct. 163, 167 A. 438, claimant suffered a traumatic dislocation of the hip, and it was found that a portion of the physical structure of claimant's body, distinct from his leg, was permanently affected by the injury.

The judgment of the court below is reversed, and the order of the Workmen's Compensation Board is affirmed.