Hendricks v. Patterson et al., Appellants.

Argued March 24, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*George H. Detweiler,* with him *Robert A. Detweiler, Charles W. Sweeney* and *David F. Keely,* for appellants.

*Samuel H. Torchia,* for appellee.

OPINION BY RENO, J., July 15, 1949:

In this workmen's compensation case the question is whether there is sufficient competent evidence to support the finding that claimant's condition changed from 75% partial disability to total disability. If this finding is justified our hand is stayed. *Mallory v. Pittsburgh Coal Co.,* 162 Pa. Superior Ct. 541, 58 A. 2d 804.

Claimant was injured while employed by defendant when he fell from a ladder on August 23, 1938, and fractured the neck of the femur of his left hip. He was hospitalized until December 8, 1938 and remained in

bed at home until February 22, 1939. For a year he got about on crutches and then used a cane, which he still finds necessary for walking.

An agreement for compensation was executed for total disability under the Act of June 4, 1937, P. L. 1552, which was in force when the incident occurred and controls this decision. On petition by defendant this agreement was modified on May 13, 1942, and claimant was awarded compensation for total disability up to February 27, 1942 and partial disability thereafter on a 75% basis. On September 3, 1946 claimant petitioned for modification of this award contending his disability had changed from partial to total. Following a hearing before the referee, claimant's position was sustained and the referee's findings were affirmed by the board and the court below.[1] Defendant was directed to pay compensation to claimant at the rate of $18.00 per week from April 22, 1946 for 500 weeks and then $30.00 a month in accord with §306(a). This appeal followed.

Whether claimant's disability was total or partial is a factual question to be considered and determined by the compensation authorities. On appeal our function is limited to ascertaining if such finding is supported by substantial competent evidence. *Jones v. Philadelphia & Reading Coal & Iron Co.,* 154 Pa. Superior Ct. 513, 516, 36 A. 2d 172. A review of the testimony convinces us the award was proper.

Dr. Beck testified that because of the pain and limitation of motion in the left hip claimant had to grasp the sides of the chair to stand up and sit down. His left hip is sufficiently rigid to prevent him from touching his left foot with his hands and for the same

---

[1] The referee's finding of fact, affirmed by the board, follows: "2. That on or before April 22, 1946, the claimant's condition as a result of his accident of August 23, 1938, changed from 75% partial disability to *total* disability, which condition has continued to the present time and may continue for some indefinite time in the future."

reason he is unable to cross his left leg over his right leg. The flexion, extension and abduction of the left hip are limited to fifteen per cent of normal. He testified that from his examination "this man has total disability of his lower left extremity for industrial purposes, . . . working in an erect position . . . is absolutely out of the question." This condition, he stated, was attributed to the fractured neck of the femur. X-rays confirmed the doctor's findings. Dr. Gash, also a witness for claimant, testified his findings were practically the same and the rotation of the left hip was greatly limited. His examination of the hip revealed internal rotation zero; external rotation about five degrees; adduction, zero; abduction, ten degrees. In his opinion claimant was totally disabled.

Claimant testified he is 73 years of age. He was able to get up and down the stairs fairly well but now has to practically slide down and drag himself up. In 1942 he was able to go down in the cellar twice a day and take care of the heater and carry the coal but cannot do so now. He is no longer able to take short walks because of the severe and almost continuous pain in his hip. He is unable to bend over and must put his left shoe on by using a string attached to a shoe horn. He also now requires assistance in getting dressed. Claimant's wife corroborated this and added that her husband could no longer do odd jobs around the house such as fixing the washer on the spigot, hanging pictures or taking up the rugs.

Defendant's position is that the only injury established by claimant is the loss of the use of his left leg for which he has been fully compensated under §306(c). Defendant recognizes the principle expressed in *Clark v. Clearfield Opera House Co.*, 275 Pa. 244, 119 A. 136, but argues that the decision is not controlling here because the factual situations are not parallel. The *Clark* case held that where the injury is permanent and ex-

tends beyond the leg proper compensation is not to be made under §306(c) for the loss of the leg but under §306(a), because the injury covered a wider area and affected the hip joint. There the fracture was intracapsular while here it is extracapsular. The distinction is without significance as in both instances the movement of the hip joint has been radically affected and the injury extended "beyond the leg proper". Whether the fracture is in the neck of the femur or in the head, if it affects the movement of the hip joint (where the head of the femur articulates with the acetabulum or cup shaped socket of the hip bone) so as to extend the injury beyond the anatomical limits of the leg, an award under §306(c) for the loss of that member would be inadequate. If claimant's injury had developed into the permanent loss of the use of his leg without other disabilities defendant's contention would be correct, and claimant would be fully compensated under §306(c). *Sharcheck v. Beaver Run Coal Co.*, 275 Pa. 225, 119 A. 135.

This Court has consistently followed the *Clark* case. *Toth v. Pittsburgh Terminal Coal Corp.*, 110 Pa. Superior Ct. 163, 167 A. 438 (traumatic dislocation of the hip); *Cole v. Stewart*, 111 Pa. Superior Ct. 561, 170 A. 311 (fractured neck of right thigh bone at point where it fits into pelvic socket); *Gardner v. Pressed Steel Car Co.*, 122 Pa. Superior Ct. 592, 186 A. 410 (loss of left eye); *Johnson v. Purnell*, 131 Pa. Superior Ct. 230, 200 A. 151 (broken right leg); *Mancini v. Pennsylvania Rubber Co.*, 147 Pa. Superior Ct. 359, 24 A. 2d 151 (injured humerus); *Manno v. Tri-State Engineering Co.*, 159 Pa. Superior Ct. 267, 48 A. 2d 122 (intracapsular fracture of the right femur).

This Court has also repeatedly stated that where the testimony fails to show a "destruction, derangement or deficiency in the organs of the other parts of the body" causing a total disability, compensation must be had, if

at all, under §306(c). *O'Donnell v.. S. Fayette Twp. School Dist.,* 105 Pa. Superior Ct. 488, 161 A. 887 (fractured neck of femur confined to loss of use of leg); *Zuro v. McClintic Marshall Co.,* 129 Pa. Superior Ct. 143, 195 A. 160 (fractured neck of left femur not affecting the head of the bone or acetabulum); *Brown v. State Workmen's Insurance Fund,* 131 Pa. Superior Ct. 226, 200 A. 174 (loss of use of right eye, no other part of head or face affected); *Savolaine v. Matthew Leivo & Sons,* 131 Pa. Superior Ct. 508, 200 A. 243 (injury did not extend beyond loss of use of left foot); *Casper v. State Workmen's Insurance Fund,* 132 Pa. Superior Ct. 96, 200 A. 186 (amputation of right arm); *Vanaskie v. Stevens Coal Co.,* 133 Pa. Superior Ct. 457, 2 A. 2d 531 (amputation of left foot and no other part of the body above the knee affected); *McClelland v. B. & O. R. R. Co.,* 137 Pa. Superior Ct. 158, 8 A. 2d 498 (loss of use of left foot but no other disabilities resulted from the injury); *Hayden v. Stony Spring Coal Co.,* 157 Pa. Superior Ct. 423, 43 A. 2d 384 (fractured neck of left femur but injury confined to left leg and left hip joint normal in motion, function and appearance).

As claimant is seeking to modify the compensation agreement he must assume the burden of establishing the allegations upon which he relies. *Zuro v. McClintic Marshall Co.,* supra. The foregoing recital of material portions of the record clearly show claimant has adequately met this burden.

Medical testimony in two similar cases sharply brings out the distinction that must be made. In *Hayden v. Stony Spring Coal Co.,* supra, we held the injuries did not extend beyond the leg. There the doctors testified the hip joint was normal and its function was not interfered with. "The hip joint—not a part of the leg—was not involved and was not impaired". The motion of the hip joint was entirely free in extension, flexion and adduction. In *Manno v. Tri-State Engineering Co.,*

supra, the question was the extent of the injuries and whether claimant should be compensated under §306(a) or §306(c). The testimony of the medical experts was comparable to that given in the instant case. External rotation of the hip was limited and painful. Claimant was unable to dress and undress himself and lacked coordination and balance and he could not bend his body. We held the disability, as a result of the injury, affected the physical structure of the body beyond the mere loss of the use of a member.

Here, claimant has produced evidence that other parts of his body, separate, apart and distinct from the loss of the use of his leg, were permanently injured and that it was the direct result of the fracture. *Lente v. Luci*, 275 Pa. 217, 221, 119 A. 132; *Casper v. State Workmen's Insurance Fund*, 132 Pa. Superior Ct. 96, 104, 200 A. 186; *Croll v. Miller*, 133 Pa. Superior Ct. 448, 455, 456, 2 A. 2d 527.

While defendant's witness, Dr. Rechtman concurred generally with the findings of claimant's doctors he was of the opinion that claimant was able to work but was merely unwilling to do so. However, credibility of medical witnesses and the weight to be attached to their testimony is a matter exclusively within the province of the compensation authorities who must resolve any conflict and decide which expert opinion to adopt. *Wilkinson v. United Parcel Service*, 158 Pa. Superior Ct. 22, 33, 43 A. 2d 408.

We have noted that there is no specific finding of fact "of injury to other parts of the body", as required by *Lente v. Luci*, supra. See also *Flood v. Logan Iron & Steel Co.*, 136 Pa. Superior Ct. 101, 5 A. 2d 621; *McClelland v. B. & O. R. R. Co.*, supra; *Yanik v. Pittsburgh Terminal Coal Corp.*, 150 Pa. Superior Ct. 148, 27 A. 2d 564. However, appellants' astute counsel, whose long and wide experience in this field enables him to detect meritorious procedural or substantive

flaws, raised no question here, in the court below, or before the board concerning the form of, or lack of content, in the findings. So, we have concluded that he determined not to litigate that question. At all events, the only practical result would be an order remanding the case to the board for the specific finding which, as we have demonstrated, would be warranted by the evidence.

Affirmed.