Bowdle *v.* Ford Motor Company, Appellant.

Argued March 19, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*William Charles Hogg, Jr.,* with him *J. H. Ward Hinkson,* for appellant.

*Maurice S. Levy,* for appellee.

OPINION BY ROSS, J., September 26, 1951:

This is a workmen's compensation case in which the employer has appealed from a judgment entered upon an award of compensation to the claimant, Francis B. Bowdle, for the loss, by amputation, of his right thumb. The referee allowed compensation, and his decision was affirmed with minor modifications by the Workmen's Compensation. Board and by the Court of Common Pleas of Delaware County.

The question involved is whether the formation of a blister on the thumb of an employe, caused by contact with the defectively rough surface of a tool which he was using while at work, and which blister through subsequent infection led to amputation of the thumb, constitutes an "accident" within the meaning of our Workmen's Compensation Act.

On and for 15 days prior to September 3, 1948, claimant was employed by defendant corporation at its plant in Chester. His work involved the insertion of

pins in the panels of automobile doors. This operation required the use of a tool "six or seven inches long" with a large hard rubber ball on top, with two small prongs at the bottom. The claimant picked up pins with his left hand and pushed them into the door with the tool, the rubber ball end of which was held in the right hand. The tool was not held constantly in the right hand, but it was necessary to pick it up "pretty often" in the course of a day's work. On Friday morning, September 3, 1948, he began work at the usual time but he testified that about an hour later he noticed that the tool "had a rough place, sort of a place chipped out of the rubber ball and it was rough. In using this tool to put the pins in, a blister formed on the thumb. . . . It began to get sore; a little red spot started on there. . . . A blister was forming." The defect had not been apparent when claimant finished using the tool at the close of work on the previous day. Claimant continued to work during the rest of the day. On Sunday and Monday, during which time the plant was closed for Labor Day weekend, he received treatment at Chester Hospital, where an incision was made across the blister. Later, infection set in and the thumb was amputated.

The claimant had the burden of proving by competent and substantial evidence that an accident occurred during the course of his employment. *Updegraff v. Pa. Game Commission,* 163 Pa. Superior Ct. 112, 60 A. 2d 605. The referee, affirmed by the board, made, inter alia, the following findings of fact: "2. That while working in the course of his employment on September 3rd, 1948, a rough spot developed on the ball that the claimant was using, which caused a blister to form on his thumb. 3. That as a result of the accidental injury, sustained by the claimant on September 3, 1948, the claimant's right thumb was amputated . . ." Our duty on appeal is clearly set forth in the

following quotation from *Yanik v. Pittsburgh Terminal Coal Corp.*, 150 Pa. Superior Ct. 148, 27 A. 2d 564, wherein Judge (now President Judge) RHODES, speaking for this Court, stated at page 155: ". . . the Workmen's Compensation Board is the final fact-finding body in compensation cases; . . . the credibility of witnesses is for the board; . . . where there is competent and substantial evidence sufficient to support the findings of fact made by the board, such findings are conclusive; and . . . our courts have no power to weigh the evidence and revise those findings or reverse the final action of the board. But whether there is such competent and substantial evidence, and whether the law has been properly applied are questions which are reviewable." The controlling question of law here is whether there is evidence sufficient in quantity and quality to support the finding of the compensation authorities that the claimant suffered an accidental injury. *Buck v. Arndt*, 153 Pa. Superior Ct. 632, 34 A. 2d 823; *Lemmon v. Pa. Dept. of Highways*, 164 Pa. Superior Ct. 254, 63 A. 2d 684.

The appellant contends that since under the definition laid down in *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 164 A. 724, an occurrence, in order to fall within the category of an "accident" within the meaning of the Act must be "undesigned, sudden and unexpected", an "untoward event" and unforeseen, and that since the formation of a blister on the thumb of a workman using his regular tools during the course of his regular employment cannot logically be so classified, this claimant's injury is not compensable.

We have not been cited to, nor has our research disclosed, any appellate decisions in this Commonwealth relative to blisters caused by the use of tools. We do have, however, many cases in which our courts have consistently held that death or disability of an employe caused by voluntary exposure to the sun's

rays *under the normal conditions of his employment* was not the natural, probable and to be expected result of such exposure and labor, but was an unusual, extraordinary and unlooked for mishap, and therefore compensable. For a partial collection of cases in which injuries sustained from sunstroke or heat prostration have been held to be compensable, see *Parks v. Miller Printing Machine Co.,* 336 Pa. 455, 9 A. 2d 742, at page 459. In *Evans v. Hazle Brook Coal Co.,* 134 Pa. Superior Ct. 462, 4 A. 2d 197, wherein a boilerhouse employe was subjected to an undue exposure to steam and extreme heat within the boiler and as a result was blistered and his health impaired and he subsequently died, this Court upheld a finding that undue exposure was a marked contributory factor in his death and that his death was the result of an accident in the course of his employment. We believe that an analogy can logically be drawn between injury as the result of sunstroke or extreme heat and injury as the result of a blister from the use of a tool, as in this case. In both, disability results from a gradual process of exposure—to heat *or* to *friction.* However, it is not necessary to determine this appeal on the basis of such analogy.

We agree with the general principle of the cases on which the appellant relies, that in order to be compensable an employe's injury must be the result of an accident, and to constitute an accident there must be some untoward occurrence aside from the usual course of events. *Rovere v. Interstate Cemetery Co.,* 164 Pa. Superior Ct. 233, 63 A. 2d 388. Our examination of the evidence, however, fails to sustain appellant's second premise: that formation of the blister was foreseeable. "The criterion is not whether the act causing the injury was unusual generally speaking, but whether it was unusual and untoward in the course of the employment in which the employee was engaged." *Weissman v. Philadelphia Electric Co.,* 111 Pa. Superior Ct. 353, 355,

170 A. 318; *Lemmon v. Pa. Dept. of Highways,* supra, 164 Pa. Superior Ct. 254, 63 A. 2d 684. Claimant had worked for .15 days previous to the day of his injury without any untoward incident. He testified as follows: "Q. When did you start work that morning? A. Eight o'clock. Q. When did you notice the blister begin to form on your thumb? A. Around nine o'clock. Q. During the operation do you constantly hold that tool in your hand or do you put it down and pick it up? A. Put it down and pick it up. Q. How often do you put it down and pick it up? A. Well, pretty often. Q. Every time you picked it up did you strike the rough part on the thumb or not? A. Every time I picked it up the ball was in a different position in my hand. Q. During that hour that you say you felt that blister forming can you estimate how many times you grabbed that ball where the portion that was chipped out of that rubber ball with the rough edge come in contact with your thumb? . . . A. Oh, four or six times probably." The rough spot on the tool had newly appeared that morning and, from the evidence, was the source of irritation. The development of this defect on the tool, then, is the "unexpected" and "sudden" circumstance which lifts this situation out of the usual course of events and brings it within the comprehension of an accident.

Compensation is payable for disability resulting immediately and directly from "violence to the physical structure of the body" and also for disability due to such infections as naturally result therefrom. *Procopio v. Susquehanna Collieries Co.,* 122 Pa. Superior Ct. 514, 186 A. 283. The evidence sustains the finding of an accidental injury in this case and, therefore, an award of compensation was properly made.

Judgment affirmed.