Spina, Appellant, *v.* Gahagan Construction Corp. et al.

Argued October 3, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*F. C. Fiechter, Jr.,* with him *Freeman, Fox & Fiechter,* for appellant.

*Thomas F. Edwards, John B. Hannum, 3rd,* and *John F. Kenney,* for appellees.

OPINION BY WRIGHT, J., November 12, 1957:

Before discussing the legal question involved in this workmen's compensation case, it will be necessary to detail at some length both the factual and the procedural situations.

On January 28, 1954, Albino Spina filed a claim petition seeking compensation for total and permanent disability as the result of an accident on March 16, 1953, while in the course of his employment. The cause and nature of the injury was alleged to be as follows: "Claimant was on platform. Platform collapsed and struck claimant on leg. Amputation of right leg at mid thigh, with injury to hip joint".[1] Claimant's testimony

---

[1] At the first hearing (April 15, 1954) before Referee Sheldrake, as the result of the testimony of claimant's medical witness, counsel for claimant moved to amend the term "hip joint" to "back". The employer's contention that this was a material variance was subsequently rejected by the court of common pleas.

was that "I fell on my back", and that both his right leg and his lower back were injured. The injury to the leg was so severe that circulation was jeopardized, and it was necessary (the next day) to amputate the leg at mid thigh. The medical witnesses all agreed that Spina's lower back was involved in the original injury, and that he is now totally disabled. His chief complaint is pain in the lower back, which pain did not exist prior to the accident, but is now daily and constant. It is aggravated by walking and flexion of the spine. There is evidence of spasm of the lumbar musculature with segmental restriction and generalized tenderness, particularly over the sacroiliac joint. The employer's contention rests primarily upon the following testimony by the impartial medical expert on cross-examination: "A. I have been thinking of your question prior to your asking it. It is again a difficult situation but my feeling, the type of problem in relation to his back, if that was the sole problem, I would give him a total disability of approximately fifteen percent. Q. You mean a partial disability of fifteen percent. A. Yes."

Coming now to the procedural situation, Referee Sheldrake originally made an award for the loss of the right leg. Upon Spina's appeal, the Board set aside the award of the Referee and substituted an award, not only for the loss of the right leg, but also for total disability as the result of the aggravation of an osteoarthritic condition in Spina's lower back. On the employer's appeal to the court of common pleas, the record was remitted to the Board for further hearing and determination. Referee Sheldrake again made an award for the loss of the right leg. Upon Spina's appeal to the Board, the Referee's award was vacated and the record was remanded for the appointment of an impartial orthopedic specialist. Referee Herman thereafter

concluded that Spina should receive compensation for the loss of the right leg and for total disability,[2] "said compensation to run concurrently". Upon the employer's appeal, the Board found as a fact "that the claimant has the loss by amputation of the right leg, and also that the injury of March 16, 1953, aggravated the pre-existing condition of claimant's arthritis so that claimant is now totally disabled". The Board accordingly affirmed the amended award of the Referee. Upon the employer's appeal to the court of common pleas, the award by the Board was "reversed", and an award was entered in the form of a judgment covering compensation for 215 weeks for the loss of the right leg and compensation thereafter for 85 additional weeks[3] partial disability of fifteen percent. Spina's present appeal to the Superior Court followed.

Appellant's position is that his injuries extend beyond the leg into the lower back, and that his claim is, and consistently has been, one for total disability under Section 306(a) of the statute.[4] On the other hand, appellee contends that the two injuries are separate and cannot be combined to obtain compensation for total disability, but that compensation must be awarded for the loss of the leg under section 306(c), 77 P.S. 513, and thereafter for partial disability for the back injury under section 306(b), 77 P.S. 512. The learned judge of court below was of the opinion that appellant's

---

[2] This award originally (July 12, 1956) included interest on deferred payments. Since compensation payments at the proper rate had been made during the period of litigation, the award was subsequently (August 1, 1956) amended so as to eliminate the interest calculation.

[3] This total of 300 weeks was in accordance with the law prior to the amendment of August 24, 1953, P. L. 1382, 77 P.S. 512, which increased the maximum period for partial disability to 350 weeks.

[4] Act of 1915, P. L. 736, section 306(a), 77 P. S. 511.

position "appears to be supported by reason and logic". However, he concluded "rather reluctantly" that the law supported appellee's position.

In approaching our consideration of the question involved, we must bear in mind certain well established general principles. The workmen's compensation act is a remedial statute, *Gower v. Mackes,* 184 Pa. Superior Ct. 41, 132 A. 2d 880, and is to be liberally construed in order to accomplish its broad humanitarian purpose: *McCleary v. Pennsylvania Electric Co.,* 184 Pa. Superior Ct. 185, 132 A. 2d 389. The extent of physical disability is a complex factual matter dependent upon many variables, *DeBattiste v. Laudadio & Son,* 167 Pa. Superior Ct. 38, 74 A. 2d 784, and a medical witness is not required to state mathematically the exact extent to which an injury aggravated an existing physical condition: *Wess v. Diebold Lumber Co.,* 141 Pa. Superior Ct. 76, 14 A. 2d 589. The *Wess* case, as does the instant case, involved lumbar osteo-arthritis. The question whether disability is total or partial is one of fact to be determined by the compensation authorities, and review by the appellate court is confined to ascertaining whether or not the finding of fact so made is based on legally competent evidence: *Winters v. State Workmen's Insurance Fund,* 136 Pa. Superior Ct. 293, 7 A. 2d 112. The evidence must be viewed in the light most favorable to the appellant, for whom the compensation authorities have found: *Keim v. Burkholder,* 182 Pa. Superior Ct. 460, 127 A. 2d 752.

In the leading case of *Lente v. Luci,* 275 Pa. 217, 119 A. 132, a one-eyed man lost the use of his remaining eye. It was held that he was entitled to compensation under section 306(c) for the loss of an eye and not under section 306(a) for total disability. The opinion in that case sets forth that section 306(c) fixes the total compensation for permanent injuries to certain

parts of the body, and that compensation for such injuries shall be exclusively as therein provided. It is pointed out, however, that compensation may be awarded for an injury to, or affection of, other parts of the body causing disability which does not normally follow an injury under section 306(c), and which endures beyond the time therein mentioned. These principles were immediately applied in *Clark v. Clearfield Opera House Co.*, 275 Pa. 244, 119 A. 136, wherein claimant was suffering from the ununited fracture of the neck of the left femur. It was held that claimant's permanent injury extended beyond the leg proper, and an award for total disability was affirmed. There are many cases[5] to the same effect. Counsel for appellee attempts to distinguish these cases on the ground that there was no injury to this appellant's hip joint. The cases he cites,[6] however, do not involve back injuries.

We are of the opinion that the instant situation is more closely analogous to that in *Dunkle v. Baltimore and Ohio Railroad Co.*, 162 Pa. Superior Ct. 340, 57 A. 2d 714, wherein there was leg damage with no injury to the hip joint. However, claimant's disability extended beyond the leg into the back as the result of an involvement of the sciatic nerve. Despite the employer's contention that claimant should be compensated only

---

[5] See *Toth v. Pittsburgh Terminal Coal Corp.*, 110 Pa. Superior Ct. 163, 167 A. 438; *Cole v. Stewart*, 111 Pa. Superior Ct. 561, 170 A. 311; *Yanik v. Pittsburgh Terminal Coal Corp.*, 150 Pa. Superior Ct. 148, 27 A. 2d 564; *Manno v. Tri-State Engineering Co.*, 159 Pa. Superior Ct. 267, 48 A. 2d 122; *Hendricks v. Patterson*, 164 Pa. Superior Ct. 584, 67 A. 2d 652.

[6] *Niemi v. Asplundh Tree Expert Co.*, 154 Pa. Superior Ct. 600, 36 A. 2d 851; *Roberts v. Frick-Reid Supply Co.*, 150 Pa. Superior Ct. 9, 27 A. 2d 671; *Bausch v. Fidler*, 277 Pa. 573, 121 A. 2d 507; *Hayden v. Stony Spring Coal Co.*, 157 Pa. Superior Ct. 423, 43 A. 2d 384.

under section 306(c) for the loss of the leg, an award for total disability under section 306(a) was affirmed. Similarly, in *Lewis v. Bethlehem Mines Corp.,* 140 Pa. Superior Ct. 128, 13 A. 2d 107, we approved an award for total disability for arthritis at the knee and around the sacroiliac joint, notwithstanding the employer's contention that the injury was confined solely to the foot. See also *Johnson v. Purnell,* 131 Pa. Superior Ct. 230, 200 A. 151; *Gardner v. Pressed Steel Car Co.,* 122 Pa. Superior Ct. 592, 186 A. 410; *Visnic v. Westmoreland Coal Co.,* 155 Pa. Superior Ct. 199, 38 A. 2d 539.

In the case at bar the compensation authorities found upon competent evidence (a) that the injuries received in the accident of March 16, 1953, extended beyond the leg proper and affected the physical structure of appellant's body; and (b) that appellant was totally disabled as a result of the accident. In the proper performance of their function, they repudiated appellee's hip joint insulation theory, and refused to give credence to the expert's hypothetical estimate on cross-examination that, given a normal leg, appellant's back condition would be only fifteen percent disabling. It was their prerogative to reject this portion of the testimony. See *Muenz v. Kelso Beach Improvement Assn.,* 181 Pa. Superior Ct. 105, 124 A. 2d 153. As Referee Herman aptly remarked, "A physician is not a magician". It is our conclusion that the award for total disability, as made by the compensation authorities, should not have been disturbed.

The judgment of the court below is vacated, and the record is remanded for the entry of judgment based upon the award of compensation for total disability.