Marshall *v.* Altoona et al., Appellants.

Argued March 24, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Robert Haberstroh,* for appellants.

*Martin Goodman,* with him *Goodman & Notopoulos,* for appellee.

OPINION BY SPAULDING, J., September 15, 1966:

On October 23, 1954, the appellee, John F. Marshall, a police sergeant for the City of Altoona, sustained a severe gunshot wound in the course of his employment, resulting in the total loss of the use of his right arm and in damage to his entire shoulder area. He has not been employed since that time.

On January 27, 1955, appellee and the employer appellant entered into an open agreement for total disability. The agreement was approved by the Workmen's Compensation Board and payments were made accordingly. On February 8, 1957, appellant filed a petition for modification alleging that appellee's disability was limited to the industrial loss of his right arm. Supporting testimony was based on examinations made on appellant's behalf by Dr. John C. Ewing, an orthopedist, in July 1956 and July 1957.

At a referee's hearing, Dr. Ewing testified he believed appellee's disability was limited to his right arm. He admitted the existence of damage to tissues, muscles, circulation, and nerves in the shoulder area.

At a later hearing, appellee testified that his entire nervous system seemed to be affected, that he could not master anything with his left hand, and he was unable to perform any work. The referee found continuing total disability and dismissed the petition for modification.

On appeal, the board reversed the referee and sustained appellant's petition. The board, in turn, was reversed by the court below which remitted the record for further hearing. No additional testimony having been elicited, the referee again submitted findings of total disability and dismissed the petition.

Thereafter, the board directed the referee to appoint an impartial medical expert to examine the appellee. Dr. George A. Berkheimer, an orthopedist and neurosurgeon, was selected. He testified that appel-

lee had lost "the entire use of the right upper extremity and this includes the . . . shoulder girdle." He also stated that the shoulder girdle, which involves the scapula, the humerus, the surrounding muscles and the outer end of the clavicle, could be considered a complete functional loss. He concluded, however, this was separate from the trunk and the trunk was not involved.

Following this medical testimony, the referee found that total disability still continued. The board again reversed and modified the order to provide for payment for permanent loss of the use of the right arm under §306(c) of the Act of 1915, June 2, P. L. 736, as amended, 77 P.S. §513. From this order, an appeal was taken to the trial court which remitted the record to the board to answer the question: "Has the claimant sustained a functional loss of use of his right shoulder girdle, shoulder joint and/or shoulder area as a result of the shotgun wound inflicted on October 23, 1954?"

Relying on the prior testimony of Dr. Berkheimer, the board made a supplemental finding: "The claimant's loss of use of his right arm extends to and includes the shoulder girdle and shoulder joint of the right arm." The court then concluded that the board had erred as a matter of law in awarding compensation only for the specific loss of the use of the arm under §306(c) and dismissed appellant's petition for modification.

The appeal from this order is now before us.

Appellant readily concedes that an employer, seeking to modify a compensation agreement, has the burden of proving that the disability of the claimant has changed. In the recent case of *Lackman v. F. W. Woolworth Company*, 205 Pa. Superior Ct. 129, 132, 208 A. 2d 33, 34 (1965), we stated: "As the employer, by the execution of the open agreement, acknowledged that

the claimant was totally disabled, it is the burden of the employer to prove by unequivocal testimony that the permanent disability has in fact terminated. 'Total disability is presumed to continue unless and until competent examination and testimony discloses otherwise. The burden of proving that claimant's disability had ceased altogether or had become partial was upon the employer.' "

We have frequently said that the test of whether a claimant is totally disabled within the meaning of the Workmen's Compensation Act is: "did the injury deprive him of his earning power?" *Leaver v. The Midvale Company,* 162 Pa. Superior Ct. 393, 398, 57 A. 2d 698, 701 (1948). It was incumbent upon appellant to show that the injury did not deprive appellee of his earning power, that remunerative employment was available, and he was capable of performing it.

Appellant contends that the testimony of Dr. Ewing and Dr. Berkheimer is sufficient to carry the burden of proof which rests upon it. Their testimony was to the effect that even with a severe shoulder injury, there was no disability except that which resulted from the loss of the use of the arm itself. This alone, however, is not determinative of the issue of total disability. As stated by the trial court: "The evidence of both physicians in this case clearly established the fact of extensive damage throughout Mr. Marshall's entire shoulder area. Dr. Ewing and Dr. Berkheimer were in accord that claimant has lost the functional use of his right shoulder joint and shoulder girdle, and this testimony the board has accepted, as it had every right to do. The critical error of the board, however, was oversight of the principle that medical statements are limited to the physical condition of arm and shoulder—the factual extent of injury—and do not prescribe the legal effect of the injury. See Gondak v. Wilson Gas Coal Company, 148 Pa. Superior Ct. 566, 25 A. 2d 854

(1942). The observation of a medical expert that the shoulder is a part of the arm does not supersede judicial pronouncements to the contrary in application of the Workmen's Compensation Act."

There are numerous cases dealing with the legal effect of injuries and their application to §306. In *Mancini v. Pennsylvania Rubber Company*, 147 Pa. Superior Ct. 359, 363, 364, 24 A. 2d 151, 153 (1942), we made a clear distinction between the loss of use of a member under §306(c) and total disability under §306(a) where the injury went beyond the loss of a member. We stated: "Of course, if the claimant's injury had been confined to his left arm and amounted to the permanent loss of the use of the arm, it made no difference whether he was disabled, totally or partially, . . . but if the injury extended to the shoulder also and he was then totally disabled from working because of said injuries, . . . compensation was not payable under section 306(c) . . . but under section 306(a) . . . ."

In *Lente v. Luci*, 275 Pa. 217, 119 A. 132 (1922), a one eyed man lost the use of his remaining eye. The Court held that he was entitled to compensation under §306(c) for the loss of an eye and not under §306(a) for total disability. The opinion states that §306(c) fixes the total compensation for permanent injuries to certain parts of the body but points out that additional compensation may be awarded for an injury to other parts of the body causing disability which does not normally follow an injury under §(c). These principles were applied in *Clark v. Clearfield Opera House Co.*, 275 Pa. 244, 119 A. 136 (1922), where claimant was suffering from a fracture of the neck of the left femur. It was there held that the injury extended beyond the leg itself and an award for total disability was sustained. To the same effect see *Spina v. Gahagan Construction Corporation*, 184 Pa. Superior Ct. 420, 135 A.

2d 760 (1957); *Hendricks v. Patterson,* 164 Pa. Superior Ct. 584, 67 A. 2d 652 (1949); *Yanik v. Pittsburgh Terminal Coal Corporation,* 150 Pa. Superior Ct. 148, 27 A. 2d 564 (1942).

Appellants have not met their burden of proof in the instant case and the petition for modification must be dismissed.

Judgment affirmed.