Motor Freight Express, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Peter M. Bova, Respondents.

Argued April 9, 1981, before Judges Mencer, Craig and Palladino, sitting as a panel of three.

*Francis E. Pipak,* with him *Fred C. Trenor, Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioner.

*Paul F. Laughlin, Laughlin & Michalek,* for respondent, Peter M. Bova.

OPINION BY JUDGE CRAIG, June 2, 1981:

Motor Freight Express appeals from a Workmen's Compensation Appeal Board decision affirming the referee's dismissal of Motor Freight's petition to modify Peter Bova's compensation for total disability to compensation for the specific loss of use of the left arm, and his award of attorney's fees against Motor Freight.

In June 1976, the claimant sustained disabling injuries to his left shoulder; under agreement by way of a notice of compensation payable, Motor Freight paid compensation for the resulting total disability. Motor Freight filed its modification petition on August 8, 1979, alleging that the claimant's disability had resolved into the specific loss of use of his left arm.

On such a petition to modify, the burden is the employer's to prove that the disability is no longer total. Because the compensation authorities found against Motor Freight, our review is limited to determining whether the findings can be sustained without a capricious disregard of competent evidence. *Van Horn v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 473, 316 A.2d 686 (1974). Our review here extends also to the question of whether the employer's contest was reasonable, thus precluding the additional award of attorney's fees.

The evidence at the hearing consisted solely of two reports by Motor Freight's medical witness. The first, dated March 31, 1978, was a full report based on an examination of that same date; it recited that claimant was "disabled due to his left shoulder in-

jury," that claimant was "disabled and has no prospects for improvement," and that, aside from some discomfort and limitation on movement due to the shoulder injury, there was "normal strength, sensation and reflex." The second report, dated August 1, 1979, was not based on any re-examination during the intervening sixteen months, and was merely a brief note which stated:

> This is to acknowledge that in reviewing my examination of this man, he is considered to have for all practical intents and purposes the loss of use of the entire left arm 100% on a permanent basis due to the injury of June 15, 1976. There are no other losses or disabilities due to that injury.

Even viewing these two opinions as merely inconsistent, we cannot find any capricious disregard of evidence by the referee, and we discern no error in his conclusion that Motor Freight failed to demonstrate that claimant's disability was other than total. The March 1978 report expressly concludes that claimant was disabled by the shoulder injury, and in view of the absence of any contemporary examination, the August 1979 letter cannot be read to evidence any *change* in claimant's shoulder condition.

That the injury was to the claimant's shoulder and not to his arm was established by the first report. In a similar case, the Superior Court plainly stated:

> [I]f the claimant's injury had been confined to his left arm and amounted to the permanent loss of the use of the arm, it made no difference whether he was disabled, totally or partially, . . . but if the injury extended to the shoulder also, and he was then totally disabled from working because of said injuries, . . . compensation was not payable under Section 306(c) . . . but under Section 306(a).

*Marshall v. City of Altoona,* 208 Pa. Superior Ct. 465, 470, 222 A.2d 408, 410 (1966), quoting from *Mancini v. Pennsylvania Rubber Co.,* 147 Pa. Superior Ct. 359, 363-4, 24 A.2d 151, 153 (1942).

That holding clearly applies to this case.

*Marshall* likewise plainly recited the principle that "medical statements are limited to the physical condition of arm and shoulder—the factual extent of injury—and do not prescribe the legal effect of the injury." 208 Pa. Superior Ct. at 469, 222 A.2d at 410. Even if we overlook the time frame and the absence of any supporting examination, the August 1979 letter merely states legal conclusions, without any mention or discussion of claimant's physiological impairment, which is the proper subject of medical evidence.

That proposition, that medical evidence is insubstantial when it is merely a conclusory recitation of a legal standard, is affirmed in *Carpentertown Coal and Coke Co. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 134, 415 A.2d 450 (1980) and *Borough of Catawissa v. Schultz,* 9 Pa. Commonwealth Ct. 546, 308 A.2d 633 (1973).

Thus the only medical evidence available was the March 1978 report, which, as discussed above, states plainly that claimant is disabled due to his shoulder injury—precisely what the parties established in the agreement on compensation. There is simply no evidence that that condition had changed or resolved itself solely to the loss of use of the arm with no injury or resultant disability related to the shoulder; the March 1978 report in no way evidences any loss of use of the arm, other than in claimant's occupation, much less any impairment depriving claimant of the use of his arm for all practical intents and purposes.

In view of the absence of any evidence of change in claimant's disability, or of loss of use, other than the physiologically unsubstantiated conclusions ex-

pressed in the August 1979 letter, the clear opinion in the March 1978 report, and the applicability of the decisions we discussed above, we find no error in the referee's conclusion that Motor Freight's petition was without reasonable basis.

Accordingly, we affirm.

ORDER

AND Now, June 2, 1981, the May 15, 1980 order of the Workmen's Compensation Appeal Board at No. A-78436, dismissing Motor Freight Express' petition to modify compensation payable to Peter M. Bova, and additionally awarding $500.00 as counsel fees to Paul F. Laughlin, Esquire, is affirmed, and judgment is to be entered against Motor Freight Express and in favor of Paul F. Laughlin, Esquire, accordingly.