Great Atlantic & Pacific Tea Co., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Andrew Stuka, Respondents.

Argued September 18, 1981, before Judges BLATT, CRAIG and MacPHAIL, sitting as a panel of three.

*William E. Wyatt,* with him *Richard G. Fine, Edwin A. Abrahamsen, Bialkowski, Fine & Bialkowski,* for petitioner.

*Jerome L. Cohen,* for respondent, Andrew Stuka.

OPINION BY JUDGE CRAIG, October 27, 1981:

The employer[1] appeals from a Workmen's Compensation Appeal Board decision which reversed its own earlier remand order and affirmed the referee's dismissal of the employer's petition to modify the claimant's[2] compensation for total disability to compensation for partial disability.

In February, 1976, the claimant had sustained a disabling injury to his back; under a notice of compensation payable, the employer agreed to pay compensation for the resulting total disability. On February 14, 1978, the employer filed a modification petition alleging that the claimant's total disability had diminished to a 50% partial disability.

---

[1] Great Atlantic and Pacific Tea Company.

[2] Andrew Stuka.

After a hearing, the referee found that the claimant's total disability continued and dismissed the employer's petition. The employer appealed that decision to the board which, after reviewing the record, remanded the case for a clarification as to employment potentially available to the claimant.

At the remand hearing, the employer offered testimony regarding employment available to the claimant as of November 30, 1978, the date of the original modification hearing, but the claimant objected unless he could present new medical evidence relating to his medical condition on that same date.

So that the board could rule on that issue, the referee sustained the claimant's objection. However, after again reviewing the record, the board concluded that the issue of job availability was irrelevant because the basis for the referee's denial of the modification petition was his finding that the claimant remained totally disabled. Consequently, the board reversed its remand order.

The first question for our review is whether the board acted properly by reversing its remand order. This question involves the fact-finding powers of the board, as distinguished from its appellate scope of review. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). In *Forbes,* after determining that the board is authorized to remand only where it has express statutory authorization as an appellate body to take action resolving questions of fact, this court held that the board is without authority to remand if the record contains competent evidence to support a referee's finding.

Consequently, before we can decide the appropriateness of the board's actions, we must determine whether the referee capriciously disregarded compe-

tent evidence in concluding that the claimant's total disability had not ceased.[3]

At the modification hearing before the referee, the parties' medical experts had agreed that the claimant could not return to his previous position, but they differed as to whether the claimant's physical condition permitted him to perform light work.

The referee resolved the medical experts' conflicting but competent testimony in favor of the claimant by accepting claimant's expert's opinion[4] that the claimant was unable to do light work, as the employer's expert defined it.[5] However, based on the claimant's testimony that he was constantly in pain, and sometimes had to place himself in traction or lie down, the referee apparently rejected testimony from both medical experts that the claimant could perform sedentary work to a limited extent. Thus, the referee assigned more weight to the claimant's account of his physical condition than he did to the claimant's doctor's assessment. As we held in *Pomeroy's Inc. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 270, 325 A.2d 349 (1974), reliance upon claimant's own testimony is a proper exercise of the referee's discretion in such a situation, and not a ca-

[3] On such a petition to modify, the burden is the employer's to prove that the disability is no longer total. Where, as here, the referee has found that the party with the burden has failed to meet it, the scope of review is limited to whether the referee capriciously disregarded competent evidence. *Motor Freight Express v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 415, 429 A.2d 1272 (1981).

[4] Having assessed the testimony of a witness, the referee may accept or reject the testimony of any witness, in whole or in part. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

[5] The employer's medical expert defined light work as lifting twenty pounds maximum, or carrying objects weighing up to 10 pounds.

pricious disregard of competent evidence. The fact that the claimant's testimony is not disinterested affects its credibility, not its competency.

Because the referee did not capriciously disregard competent evidence in concluding that the claimant's total disability continued, the board lacked authority to issue its initial remand order. Consequently, the board properly acted within its authority by taking the initiative to correct the erroneous order it had issued.

Accordingly, we affirm the decision of the board.

### Order

And Now, October 27, 1981, the order of the Workmen's Compensation Appeal Board at Docket No. A-79381 is hereby affirmed, and judgment is entered in favor of claimant, Andrew Stuka and against Great Atlantic & Pacific Tea Company.