445 A.2d 506

Edward LEE

v.

UNITED STATES PLYWOOD CORPORATION, Appellee,

and

Ralph Rokeby Johnson as Representative Underwriter of those underwriters at Lloyds subscribing a policy of liability insurance issued to United States Plywood Corporation; Excess Insurance Company; Swiss Union Insurance Company; Orion Insurance Company; River Thames Insurance Company; World Auxiliary Insurance Company; Andrew Weir Insurance Group, Garnishee (re interests of United States Plywood Corporation), Appellee,

and

Robert E. Lamb, Inc., Appellant,

and

Employers Mutual Liability Insurance Company of Wisconsin, Garnishee (re the interests of Robert E. Lamb, Inc.), Appellant.

Floyd HARGROVE

v.

UNITED STATES PLYWOOD CORPORATION, Appellee,

and

Ralph Rokeby Johnson as Representative Underwriter of those underwriters at Lloyds subscribing a policy of liability insurance issued to United States Plywood Corporation; Excess Insurance Company; Swiss Union Insurance Company; Orion Insurance Company; River Thames Insurance Company; World Auxiliary Insurance Company; Andrew Weir Insurance Group, Garnishee (re interests of United States Plywood Corporation), Appellee,

and

Robert E. Lamb, Inc., Appellant,

**and**

**Employers Mutual Liability Insurance Company of Wisconsin, Garnishee (re the interests of Robert E. Lamb, Inc.), Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 26, 1981.

Filed March 12, 1982.

Reargument Denied June 9, 1982.

Petition for Allowance of Appeal Denied Sept. 9, 1982.

Kenneth F. DeMarco, Philadelphia, for appellants.

Charles T. Roessing, Philadelphia, for appellees.

Before CAVANAUGH, JOHNSON and LIPEZ, JJ.

LIPEZ, Judge:

This is an appeal from a lower court order requiring an employer who had already paid its workmen's compensation obligations in full to contribute an equal amount towards a joint judgment which had been satisfied by a co-defendant. Since we agree with the employer's claim that this was contrary to the applicable statutory and case law, we reverse.

Plaintiffs, Floyd Hargrove and Edward Lee, were seriously injured during the course of their employment while working at a warehouse under construction for U. S. Plywood Corporation. They each sued U. S. Plywood and Frommeyer & Company, a sub-contractor. Robert E. Lamb, Inc., the general contractor and plaintiffs' employer, was subsequently joined by Frommeyer as an additional defendant in both actions.[1]

1. Prior to the 1974 Amendments to the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 et seq., even though an employee could not sue his employer in trespass for work related injuries, he could sue a third party who could then join the employer as an additional defendant. The 1974 amendments, with certain exceptions not here relevant, now prohibit such joinder. (Act of December 5, 1974, P.L. 782, No. 263 § 6, 77 P.S. § 481(b)). *See Bell v. Koppers Co., Inc.*, 481 Pa. 454, 457, 392 A.2d 1380, 1382 (1978); *Hefferin v. Stempkowski*, 247 Pa.Superior Ct. 366, 372 A.2d 869, *allocatur refused*, 250 Pa.Superior Ct. XLIV (1978).

The actions were later consolidated and a jury trial took place from September 22, 1970, to September 30, 1970. During the trial, but before the jury returned its verdict, plaintiffs' employer, Lamb, and its insurance carrier negotiated a settlement with plaintiffs whereby they agreed to accept $15,000 ($9,000 from plaintiff Lee and $6,000 from plaintiff Hargrove) in settlement of the potential subrogation interest Lamb and the insurance carrier might have against any recovery made by the plaintiffs against Plywood and Frommeyer.[2] This subrogation interest totaled $45,-491.52 and represented funds which had already been paid to plaintiffs by Lamb and its insurance carrier in the form of medical and wage benefits.[3] Before the jury returned with its verdict, plaintiffs also accepted a settlement offer from Frommeyer in exchange for joint tortfeasor releases which provided for a pro rata reduction with respect to any damages recoverable against any other joint tortfeasor.

All three defendants, Plywood, Frommeyer, and Lamb, were subsequently found negligent. The jury awarded $400,000 to plaintiff Lee and $225,000 to plaintiff Hargrove. Post-trial motions were filed and denied. This court affirmed. *Hargrove v. Frommeyer & Company*, 229 Pa. Superior Ct. 298, 323 A.2d 300 (1974).

On January 31, 1975, plaintiffs began a garnishment action against Plywood's insurance carriers. The lower court

2. Under applicable provisions of the Pennsylvania Workmen's Compensation Act, Lamb and its insurance carrier were subrogated to any recovery made by the plaintiffs against third parties to the extent of compensation paid. 77 P.S. § 671. This subrogation interest was only a potential one, however, because if Lamb was subsequently found negligent, either individually or in conjunction with other defendants, it would forfeit its subrogation rights. *See Grimm v. O. K. Keckley Co.*, 555 F.2d 123, 124 (3rd Cir. 1977); Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease, Vol. 1, § 5.46(6)(a). This agreement between plaintiffs and Lamb was clearly intended for their benefit only gambling on the possible verdicts. It could not affect Plywood's rights, which included its right to credit for compensation paid by the employer Lamb. See, *infra*, 299 Pa.Super. at 170, 445 A.2d at 508.

3. The $45,491.52 represented Lamb's and its insurance carrier's total obligation under the Workmen's Compensation Act. ($19,393.00 was paid to Lee and $26,098.52 was paid to Hargrove).

held that the full amount of the jury award must be borne on a 50/50 basis by the only two defendants who could be held liable in tort, i.e., Plywood and Frommeyer. Lamb was excluded because its liability as plaintiffs' employer was statutorily limited to the extent of its workmen's compensation obligations. Since Frommeyer's contribution had been resolved by the joint tortfeasor release, Plywood was held responsible for ½ the jury's verdict ($200,000 for plaintiff Lee and $112,500 for plaintiff Hargrove), plus interest and record costs. Then, despite the case law which clearly holds otherwise,[4] the lower court denied Plywood's request that it receive a credit for the amount of workmen's compensation benefits already paid to plaintiffs by their employer, Lamb. Instead, the court held that such benefits could be recouped by Plywood in a separate action for contribution against Lamb. Plywood did not appeal this erroneous denial of credit for compensation already paid by Lamb. Instead it paid the judgments against it in full and, some 2½ years later, brought the present action seeking contribution from Lamb in the amount of $45,491.52. Plywood's petition was granted and the lower court entered the order in question directing contribution. Lamb has appealed.

It is well-settled that, for injuries occurring prior to the 1974 Amendments to the Pennsylvania Workmen's Compensation Act,[5] a defendant who has been held jointly liable with an additional defendant employer is entitled to a *credit* for the amount of compensation paid by the employer to the plaintiff. *See Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940); *Brown v. Dickey*, 397 Pa. 454, 155 A.2d 836 (1959); *Burke v. Duquesne Light Company*, 231 Pa. Superior Ct. 412, 332 A.2d 544 (1974).

The reason for allowing the credit was explained by our Supreme Court in *Maio v. Fahs*, 339 Pa. at 190, 14 A.2d at 110:

4. See discussion, *infra*, 299 Pa.Super. at 170, 445 A.2d at 508.

5. Plaintiffs were injured on March 10, 1961.

Since compensation is being paid . . . it would be manifestly inequitable to permit plaintiff to recover *the entire amount* of her judgment against the other two defendants or against either of them. Therefore, in the event that she proceeds to enforce the judgment against either or both of the other two defendants, she must not be permitted to collect more than the amount of the judgment with interest, *less the amount paid her under the compensation agreement.* (Emphasis in original).

It is therefore clear that the lower court erred in its earlier ruling that Plywood was not entitled to such credit. Though that ruling was not appealed, we are not bound by its clearly erroneous interpretation of the law which works a manifest injustice. *See Morrow v. Dillard*, 580 F.2d 1284 (5th Cir. 1978). While Plywood has paid $45,491.52 more than it should have, this is not justification for requiring Lamb to twice pay its workmen's compensation obligations as the lower court required. Plywood, here, finds itself in the position of having failed to receive the credit it was otherwise entitled to not because of any action on the part of Lamb, but solely because of its failure to appeal the lower court's earlier erroneous ruling. Lamb, having already paid its statutory obligations under the Workmen's Compensation Act, has no further liability. *Burke v. Duquesne Light Co.*, 231 Pa. Superior Ct. at 426, 332 A.2d at 550.

The lower court's reliance on *Kim v. Michigan Ladder Co.*, 208 F.Supp. 298 (W.D.Pa.1962) is misplaced. There it was held that an additional defendant employer must contribute an amount equal to its compensation liability towards a joint judgment which had been satisfied by a co-defendant. However, in *Kim*, the employer had not paid any compensation to the injured plaintiff because the plaintiff had failed to pursue his compensation rights within the statute of limitations. Here the employer has already paid its obligation under the Workmen's Compensation Act in full. It need do no more.

Reversed.