Frank Irey, Jr., Inc. and American States Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (George J. Klemencic, Sr.), Respondents.

Argued May 5, 1982, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Fred C. Trenor, Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioners.

*Richard L. Rosenzweig, Rosenzweig, Rosenzweig & Burton,* for respondents.

OPINION BY JUDGE ROGERS, July 19, 1982:

George J. Klemencic, Sr., (claimant) suffered multiple injuries in a forty foot fall while pursuing his occupation as a welder employed by Frank Irey, Jr., Inc. (Irey). The Workmen's Compensation Appeal Board affirmed orders of a referee awarding compensation to the claimant, counsel fees and expenses incurred by the claimant in obtaining a third-party settlement to which the employer was subro-

gated pursuant to Section 319 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §671 and in addition counsel fees of two hundred dollars because Irey had unreasonably contested its Section 319 liaability. The employer Irey has appealed. We affirm in all respects.

Before making a workmen's compensation claim, the claimant sued Irey and third parties in common pleas court based on the defendants' asserted negligence. A jury by special verdict found the claimant to be Irey's employee so that the latter was not answerable for negligence and the judgment in Irey's favor was not appealed. The claims against the other two defendants were settled for $20,000. As part of the settlement agreement the parties, including Irey, agreed that $5,000 of the settlement amount would be applied as a credit against workmen's compensation benefits accrued to the time of settlement and that the balance would be applied against future compensation. The claimant then filed a workmen's compensation claim petition for injuries to his left hand for which he claimed loss of use, and on account of separate injuries to his face, mouth, left elbow and left leg. The claimant also filed a review petition with the Workmen's Compensation Appeal Board, alleging that Irey refused to pay its pro rata share of counsel fees and expenses of the third party recovery, in violation of Section 319.

The referee found with respect to the claim petition that the claimant was temporarily totally disabled from the date of the injury, December 23, 1975, until August 24, 1978; that from August 24, 1978 the claimant suffered loss of use of the left hand, for all practical intents and purposes; and that from August 24, 1978 the claimant was partially disabled due to the

injuries other than those to the left hand; he awarded appropriate benefits. With respect to the petition for review, the referee held Irey liable under Section 319 for $9651.51 in counsel fees and expenses incurred in the third party suit, and in addition awarded the claimant two hundred dollars for Irey's claim of unreasonable contest.

Irey confronts us with a battery of questions, exploring virtually every aspect of this case.

It first says that the record evidence does not support a finding of specific loss of use of the claimant's left hand, Section 306(c) of the Act, 77 P.S. §513, on the ground that the testimony of the claimant's medical expert was "conclusionary." While an expert opinion responding to a question stating the legal standard without other basis, such as a description of the physiological characteristics of the injury, may indeed be inadequate support for a finding, *see Motor Freight Express v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 415, 429 A.2d 1272 (1981), there was much more than that here. Dr. Pifer, the claimant's medical witness, described the claimant's injury in detail in support of his conclusion that the claimant had lost 75% of the use of his hand for all practical intents and purposes.

Irey also asserts that the evidence is insufficient to support a finding of loss of use of the claimant's left hand since much of the testimony on that issue refers to the claimant's left wrist. The claimant's left wrist was so badly injured that it will never again function as a wrist. Some of the bones of the wrist were removed and the forearm was fused directly to the remaining wrist bones and to the hand. Plainly, as claimant's medical expert testified, inability to move one's wrist necessarily limits the functional ability of the hand.

Irey next contends that the referee erred in directing it to pay partial disability benefits. It says that only the question of specific loss of use of the hand was at issue; that the effects of the other injuries were never "clearly an issue." We disagree. In his claim petition the claimant, in describing his injuries, included injuries to his "face, mouth, left elbow and left leg." The claimant and his medical expert testified as to injuries other than to the left hand. Irey's trial counsel asked only one cursory question on that point on cross-examination, and offered no rebuttal testimony. Not only does the evidence sufficiently support the referee's findings, on that point, Irey failed to question these findings in its appeal to the Appeal Board. Questions not raised below will not be raised on appeal. *Mountz v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 583, 382 A.2d 507 (1978).

Irey also complains of the referee's findings used in the computation of benefits as to the claimant's weekly wage. At the hearing counsel for the claimant introduced without objection cancelled paychecks and paystubs for the approximate two week period during which the claimant was employed by Irey, December 8 to December 23, 1975. Relying on this evidence, the referee found:

> 4. Claimant worked as an employee of Defendant [Irey] prior to the injury of December 23, 1975 from December 8, 1975, two and two-fifths (2 2/5) weeks, and was paid for that period of time, gross wages of $2,543.34 for an average weekly wage of $1,059.73, entitling Claimant to the maximum weekly benefits then in effect $171.00 per week.

Irey's thesis is that the referee's finding was not in accordance with Section 309(d) of the Act, 77 P.S. §582(d), which provides:

(d) If at the time of the injury the wages are fixed by the day, hour, or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the . . . thirteen consecutive calendar weeks . . . immediately preceding the injury . . . ;

If the employe has been in the employ of employer less than thirteen calendar weeks . . . immediately preceding the injury, his average weekly wage shall be computed under the foregoing paragraph, taking "total wages" for such purpose to be the amount he would have earned had he been so employed by employer the full thirteen calendar weeks . . . immediately preceding the injury and *had worked, when work was available to other employes in a similar occupation,* unless it be conclusively shown that by reason of exceptional causes such methods of computation does not ascertain fairly the "total wages" of employe so employed less than thirteen calendar weeks. . . .

(Emphasis added.)

Irey says that the referee should have "develop[ed] the wages of a similarly employed employee during the relevant period of time to compute the claimant's correct average weekly wage." Irey seems to be contending that the phrase emphasized above required a computation based not on the claimant's wages but on the wages of others in similar occupations. This is not in our opinion what the statute means. The phrase in question simply describes the second of two assumptions to be employed in using the thirteen week period in the case of a worker employed less than thirteen weeks—to wit, that the employee had

actually worked when work was available. The referee's computation reached the proper result. Further, Irey did not show what other welders made, nor contest that the claimant's wages were other than stated.

Irey also argues that not all the checks admitted into evidence were for work done while the claimant was an employee but were for work done by the claimant as an independent contractor. Irey had ample opportunity to object to or offer evidence on this point and it is too late now to complain that the evidence submitted, which amply supports the referee's finding, should be disregarded.

Neither can we find any merit in Irey's attack on the referee's application of Section 319 of the Act, 77 P.S. §671. That section provides in pertinent part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement.

The referee did not prorate counsel fees and expenses because the entire recovery was credited against compensation paid and payable. Irey contends that since

it was also a defendant in the suit that led to the third-party settlement it should somehow be exempt from paying any part of the counsel fees or expenses incurred by the claimant in recovery from the other parties. It cites no authority for its interpretation of the statute. Where there is no indication of ambiguity, the letter of a statute is not to be disregarded under the pretext of pursuing its spirit. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b). We note that federal courts interpreting Section 319 of the Act in similar situations have reached the same conclusion—that an employer is not exempt from paying counsel fees and expenses because it is also a defendant in the court case. *See Grim v. O.K. Keckley Co.*, 555 F.2d 123 (3rd Cir. 1977); *DiVirgilio v. Norton Co.*, 344 F. Supp. 552 (W.D. Pa. 1972). Irey also argues that under general principles of equity it should not be responsible for the counsel fees of its opponent. Since Section 319 provides that such fees and expenses for recoveries from third parties shall be allowed, we see little room for the application of principles of equity. Moreover, the referee in fact deducted about $400 from claimed litigation expenses as attributable to the claimant's case against Irey.

Irey also contends that the referee erred in his computation of Irey's share of counsel fees and expenses in the court case. As noted, Section 319 provides that "[t]he employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time or recovery or settlement bears to the total recovery or settlement." In the case at bar, the total amount of such compensation was $23,870.57; the settlement award amounted to $20,000. Therefore, the ratio converts to more than one hundred per cent and accordingly, Irey is responsible for one hundred

per cent of the counsel fees and expenses incurred. Irey's assertions of inaccurate computation and its proposed method are apparently based on the erroneous belief that only that portion of the settlement agreed to be applied to compensation due and payable at the time of settlement, i.e. $5,000, is to be considered in computing the amount of compensation "paid or *payable*" (emphasis added) at the time of settlement. This is not what the statute provides.

Lastly, Irey objects to the referee's award of two hundred dollars counsel fees for unreasonably contesting its liability under Section 319. Section 440 of the Act[1] provides that counsel fees will be awarded except where a reasonable basis for contest has been established. Since Irey's objections to the Section 319 award were, as we have seen, quite insubstantial, the referee properly determined that the contest was unreasonable.

Order affirmed; an appropriate judgment order will be entered.

### ORDER

AND Now, this 19th day of July, 1982, judgment is entered in favor of the claimant George J. Klemencic, Sr. and against the employer Frank Irey, Jr., Inc., and its insurance carrier. The respondents shall pay compensation to the claimant for three hundred thirty-five (335) weeks at the rate of $171.00 per week, due and payable from August 24, 1978, for permanent loss of use of the claimant's left hand. The employer and its insurers are further directed to pay compensation for partial disability from injuries separate from the claimant's left hand at the rate of $171.00 per week from August 24, 1978, for which they are entitled to a credit of $15,000 from the third party

---

[1] Added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996.

recovery against Bucyrus-Erie Company and Filnor, Inc., which credit is exhausted at the rate of $171.00 per week after 87.7 weeks on May 20, 1980, and after that date the claimant shall receive the additional $171.00 per week for partial disability from injuries separate from his left hand.

The respondents are ordered to pay the following outstanding medical bills:

| | |
|---|---|
| Triangle Orthopedic Associates | $1,405.00 |
| Triangle Orthopedic Associates, X-ray Division | 95.00; |

and to reimburse the claimant's counsel for costs of prosecution of the claim petition as follows:

| | |
|---|---|
| George W. Pifer, M.D.— Narrative Report | 15.00 |
| George W. Pifer, M.D.— Deposition | 200.00 |
| Zurawsky Associates— Court Reporter | 71.50 |
| Pappas Reporting Service— Court Reporter | 22.50; |

and to pay the claimant $55.77 for lost wages for attendance at the hearing of April 23, 1980.

The respondents are directed to pay the claimant's counsel fees in connection with the claim petition of twenty (20) per cent of the award for permanent loss of use of the claimant's left hand and for partial disability payments to commence May 20, 1980, and such fee will be deducted from the amount due the claimant and paid directly to the claimant's counsel.

Interest is payable on all deferred payments of compensation from August 24, 1978 at the rate of ten (10) per cent per annum.

The respondents are also ordered to pay attorneys fees of 33 1/3 per cent of the third party recovery of

$20,000 of $6,666.67 to the claimant; and to pay to the claimant's counsel, Richard L. Rosenzweig, Esquire, $2,984.84 for disbursements properly incurred in obtaining the third party recovery, and an additional $200 as counsel fees for the unreasonable contest of this claim.