499 A.2d 374

**Frank McDEVITT, Appellant,**

**v.**

**TERMINAL WAREHOUSE COMPANY and Scott Brothers, Division of Pennsylvania Truck Lines, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 29, 1984.

Filed Aug. 9, 1985.

Reargument Denied Oct. 22, 1985.

1. Act of April 9, 1929, P.L. 177, art. XVII, § 1711, added July 2, 1953, P.L. 341, § 1.

2. Act of July 2, 1935, P.L. 589, § 1, *et seq.,* as amended.

188

George J. O'Neill, Philadelphia, for appellant.

Richard A. Kolb, Philadelphia, for Terminal Warehouse, appellee.

Roger B. Wood, Philadelphia, for Pennsylvania Truck Lines, appellee.

Before WIEAND, MONTEMURO and CERCONE, JJ.

WIEAND, Judge:

If, in an action filed against a third party tortfeasor prior to February 5, 1975,[1] an employee obtains a verdict allowing

---

1. The present section 303(b) of the Workmen's Compensation Act, which was a part of the Act of December 5, 1974 and became effective February 5, 1975, provides that the employer and his insurance carrier shall not be liable to a third party for damages, contribution or indemnity in any action at law, or otherwise, unless such liability is expressly assumed by contract. This section has been construed to bar joinder of an employer as an additional defendant in a third party action for purposes of establishing joint liability with the third party

a joint recovery against the third party tortfeasor and the employer, who was joined as an additional defendant, may the employee recover any part of his counsel fees from the employer or from the third party tortfeasor? We conclude, in keeping with the general rule, that the employee must pay his own counsel fees.

Frank McDevitt, an employee of Scott Brothers, was injured on November 1, 1966 while working in a warehouse complex owned by Terminal Warehouse Co. (Terminal) in Philadelphia. He filed a third party action against Terminal who, in turn, joined Scott Brothers as an additional defendant. In 1978, a jury verdict was returned in the amount of $200,000.00 against Terminal and Scott Brothers. The trial court granted a new trial, but the Superior Court, on appeal, reversed the trial court and reinstated the verdict of the jury. *McDevitt v. Terminal Warehouse Co.*, 304 Pa.Super. 438, 450 A.2d 991 (1982) (reargument denied October 12, 1982; allocatur denied October 29, 1982). Judgment was entered on the verdict on November 12, 1982.[2] Terminal then filed a petition to modify the judgment, requesting that it be reduced by workmen's compensation benefits previously paid by Scott Brothers in the amount of $39,-012.26. The trial court refused to modify the judgment and dismissed Terminal's petition. After an appeal had been filed, the trial court prepared a written opinion in which it conceded that under existing law it was required to satisfy the judgment to the extent that workmen's compensation benefits had been paid by the employer. The Superior Court remanded, and a partial satisfaction of the judgment was entered. McDevitt then appealed from the order directing partial satisfaction of the judgment.

While this appeal was pending in the Superior Court, McDevitt caused a writ of execution to issue against the

tortfeasor. See: *Heckendorn v. Consolidated Rail Corp.*, 502 Pa. 101, 465 A.2d 609 (1983). Joinder is barred, however, only where the employee's injuries occurred subsequent to February 5, 1975. *Bell v. Koppers Co.*, 481 Pa. 454, 459, 392 A.2d 1380, 1382–1383 (1978).

2. McDevitt died on October 31, 1978, and Ruth McDevitt, his widow and the executrix of his estate, was substituted as a party plaintiff.

employer's compensation carrier for $20,437.60. This was alleged to be a proportionate part of McDevitt's counsel fees and expenses for which Scott Brothers was liable in addition to benefits previously paid. The trial court, in response to preliminary objections, ordered that the execution be dismissed and that the judgment against Scott Brothers, which had been entered on the verdict of the jury, be marked satisfied. McDevitt filed a second appeal from this order. Both appeals were consolidated for argument.

Appellant argues that the satisfaction orders were improper because they failed to reflect an alleged right of the employee to be reimbursed in part for counsel fees and expenses incurred in prosecuting his third party action. The amount of $20,437.60, according to McDevitt's computations, represents the proportionate part of counsel fees and expenses attributable to the workmen's compensation benefits paid by Scott Brothers and "credited" to Terminal in determining the amount of Terminal's liability. Unless this portion of McDevitt's counsel fees and expenses can be collected from Scott Brothers or Terminal, McDevitt will be required to pay this amount. This, it is argued, is contrary to the provisions of Section 319 of the Workmen's Compensation Act. We disagree and, therefore, affirm the satisfaction orders of the trial court.

As a general rule, each party must pay his own counsel fees. *Hankin v. Hankin*, 338 Pa.Super. 442, 457, 487 A.2d 1363, 1371 (1985). In the absence of a statute allowing counsel fees, recovery of such fees will be permitted only in exceptional circumstances. *Chatham Communications, Inc. v. General Press Corp.*, 463 Pa. 292, 300–301, 344 A.2d 837, 842 (1975); *Estate of Wanamaker*, 314 Pa.Super. 177, 179, 460 A.2d 824, 825 (1983). One of the exceptional situations in which an apportionment of counsel fees will be made is where the work of counsel has created a fund for the benefit of others. *Estate of Wanamaker, supra*, 314 Pa.Superior Ct. at 179, 460 A.2d at 825. Accord: *Wilbur's Estate*, 334 Pa. 45, 73–74, 5 A.2d 325, 339 (1939). The exception to the general rule "rests on the perception that

persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Estate of Wanamaker, supra* 314 Pa.Super. at 180, 460 A.2d at 825, quoting *The Boeing Co. v. Van Gemert,* 444 U.S. 472, 478, 100 S.Ct. 745, 749, 62 L.Ed.2d 676, 682 (1980).

It is this exception to the general rule which is the basis for the apportionment of counsel fees required by Section 319 of the Workmen's Compensation Act.[3] This section provides in part as follows:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; *reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement.* Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation.

(Emphasis added). According to this section, an employer who has paid workmen's compensation benefits is entitled to be subrogated to the extent of workmen's compensation paid in any recovery effected by the employee against a third party. Where the employer participates in the employee's recovery, the employer must then pay a proportion-

3. Act of June 2, 1915, P.L. 736, § 319, *as amended,* 77 P.S. § 671.

ate part of counsel fees incurred in effecting the third party recovery. *Long v. Marino Masse, Inc.,* 205 Pa.Super. 344, 349, 208 A.2d 920, 923 (1965); *Furia v. Philadelphia,* 180 Pa.Super. 50, 118 A.2d 236 (1955). The portion of counsel fees to be paid by the employer is ascertained according to the ratio existing between workmen's compensation paid or payable and the total recovery or settlement. The employer's obligation to share the burden of attorney's fees and expenses is determined according to the benefit which he has derived from the employee's recovery against the third party. *Soliday v. Hires Turner Glass Co.,* 187 Pa.Super. 44, 51, 142 A.2d 425, 428 (1958). See also: *Workmen's Compensation Appeal Board v. Del Vecchio,* 23 Pa. Cmwlth. 244, 248, 351 A.2d 691, 693 (1976). Where an employer is determined to be liable as a joint tortfeasor and is required to "contribute" his workmen's compensation obligation to the total verdict, however, the employer is not entitled to recover any part of the workmen's compensation paid. In that event, he forfeits his right to subrogation and does not benefit from his employee's recovery against the third party. *Lee v. United States Plywood Corp.,* 299 Pa.Super. 165, 168 n. 2, 445 A.2d 506, 507 n. 2 (1982).

In the absence of statutory direction otherwise, an employer is not responsible in whole or in part for his employee's counsel fees where he does not share in the employee's recovery. Where the employer does not benefit from the third party recovery, Section 319 does not require the employer to pay any part of the counsel fees incurred by the employee in effecting a third party recovery.

Appellant argues, however, that he should be allowed to recover the full verdict of $200,000.00 against Terminal and that Terminal should be required thereafter to enforce its right of contribution against Scott Brothers, who, in its turn, can recover compensation paid, less a proportionate part of the employee's counsel fees, from the fund created by the employee. If this "round robin" method of satisfaction is followed, of course, the employee will be able to recover a proportionate part of his counsel fees from the

employer. We reject this argument. It is contrary to the intent of the Workmen's Compensation Act and also to the decided cases.

In *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940), the Supreme Court held that an employer could be joined as an additional defendant in the employee's third party action in order to protect the third party's right of contribution if it were determined that he and the employer were joint tortfeasors. The Court recognized, however, that the employer's maximum liability, by virtue of the terms of the Workmen's Compensation Act, was the amount which he was required to pay to his employee as workmen's compensation. Therefore, the Court held, an employer defendant who has paid maximum workmen's compensation benefits is entitled to have the employee-plaintiff's judgment against him satisfied. With respect to the third party joint tortfeasor, the Court said, his liability is limited to the amount of the verdict less the amount of workmen's compensation paid by the employer. To the extent that maximum benefits had not been paid by the employer, the third party tortfeasor was entitled upon payment to have the judgment marked to his use and he, instead of the employee-plaintiff, could enforce the judgment against the employer to preserve his right of contribution up to the employer's maximum liability for workmen's compensation.

Subsequent decisions followed in the path of *Maio v. Fahs, supra.* Thus, in *Socha v. Metz*, 385 Pa. 632, 123 A.2d 837 (1956), the Court held unequivocally that "[a]n employer's liability to his employee for compensation under the Workmen's Compensation Act for injuries received by the employee in the course of his employment ... is the *whole* liability under the parties' statutory agreement to be bound by the provisions of the Act, and ... the injured employee has no other right of action." *Id.*, 385 Pa. at 637, 123 A.2d at 839 (emphasis in original). Joinder of an employer in an employee's third party action, the Court said, was allowed only to protect the third party's right of contribution. Because any judgment entered in favor of the employee

against the employer was unenforceable by the employee, the Court held, equity demanded that the employee's execution against the employer on the judgment be denied and that the judgment be marked satisfied on petition of the employer. *Id.*, 385 Pa. at 642–643, 123 A.2d at 842.

In *John W. Brown, Jr. Equipment Rental Corp. v. Dickey*, 397 Pa. 454, 155 A.2d 836 (1959), the Supreme Court reiterated and reinforced the same principle, holding that an employer's liability to either his employee or a third party for contribution "[was] *strictly* limited to the amount of the workmen's compensation award." *Id.*, 397 Pa. at 459, 155 A.2d at 838 (emphasis in original). "To allow the third party tortfeasor even the limited right of contribution up to the amount of the employer's workmen's compensation liability, as we do in Pennsylvania, is most generous indeed," said the Court. "He is not so well treated in other jurisdictions." *Id.*, 397 Pa. at 462, 155 A.2d at 840.

The following year, the Superior Court decided *Stark v. Posh Construction Co.*, 192 Pa.Super. 409, 162 A.2d 9 (1960) (allocatur denied August 22, 1960). That case, a tort action by Stark against a third party tortfeasor in which the employer had been joined as an additional defendant, resulted in a judgment in favor of Stark against both defendants. The employer had previously paid some, but not maximum, workmen's compensation benefits. The third party tortfeasor, therefore, paid Stark the difference between the workmen's compensation already paid by the employer and the face amount of the judgment. The employer then requested the Workmen's Compensation Board to terminate the compensation agreement on the ground that Stark's recovery from the third party precluded any further payments. The employer also argued that under Section 319 it was subrogated to the rights of its employee against the third party to the extent of the compensation previously paid and payable in the future to Stark. The third party tortfeasor, in response, alleged that he had a right to receive all future installments of compensation on the ground that he was subrogated to Stark's right to receive

future payments because the judgment had been paid in full. The Superior Court agreed with the third party tortfeasor. Citing *Maio v. Fahs, supra,* and *Brown v. Dickey, supra,* the Court held that it was well-settled that because of considerations of equity and good conscience and also because of interpretations of the Workmen's Compensation Act and the Uniform Contribution Among Tortfeasors Act,[4] an employer found to be jointly responsible for his employee's injuries was liable to pay to the third party tortfeasor by way of contribution the amount which it was obligated to pay under the Workmen's Compensation Act. It would be unfair to allow the employer to pay nothing, opined the Court, when he has been found jointly negligent. Instead of being reimbursed by way of subrogation for his negligence, he must pay to his joint tortfeasor an amount equal to that which was imposed upon him as an employer, but no more. The employer was ordered, therefore, to make all future payments of compensation under its compensation agreement to the third party joint tortfeasor who had paid Stark's judgment in full.

In *Hinton v. Waste Techniques Corp.,* 243 Pa.Super. 189, 364 A.2d 724 (1976), this Court said that a workmen's compensation defense may properly be raised by an employer in any proceeding brought by the plaintiff-employee to enforce a judgment rendered against the employer who had been joined in the action as an additional defendant. "At that time," said the Court, "the employer is entitled to have the judgment marked satisfied." *Id.*, 243 Pa.Superior Ct. at 195, 364 A.2d at 727.

Finally, in *Lee v. United States Plywood Corp.,* 299 Pa.Super. 165, 445 A.2d 506 (1982) (reargument denied June 9, 1982; allocatur denied September 9, 1982), the Superior Court rejected the "round robin" theory of resolving the rights of an employer and third party who had been found to be joint tortfeasors. There, plaintiffs had filed an action

4. Act of July 19, 1951, P.L. 1130, 12 P.S. § 2082 et seq., *repealed and substantially reenacted,* Act of July 9, 1976, P.L. 586, 42 Pa.C.S. § 8321 et seq.

against two alleged tortfeasors, who then joined plaintiffs' employer as an additional defendant. All defendants, including the employer, were found negligent. In garnishment proceedings brought on the judgment against one of the non-employer defendants, a credit was requested for the amount of workmen's compensation benefits previously paid to plaintiffs by the employer. The trial court denied the request, and the defendant paid the judgment in full. The defendant then brought an action in which it successfully recovered contribution from the employer in the amount of workmen's compensation paid to the plaintiffs. On appeal, the Superior Court held that "a defendant who has been held jointly liable with an additional defendant employer is entitled to a *credit* for the amount of compensation paid by the employer to the plaintiff." *Id.*, 299 Pa.Superior Ct. at 169, 445 A.2d at 508 (emphasis in original). It was held that the trial court had erred, therefore, in not allowing the third party defendant a credit in the amount of the employee-joint tortfeasor's compensation paid. The trial court had then compounded the error, the Court held, by requiring the employer to pay its workmen's compensation obligation a second time. Once an employer has complied with his statutory obligation to pay workmen's compensation, the Court held, there can be no further liability. If the trial court's handling had been correct, the Court said, the employer would have had to pay twice with no recourse against the employee because the subrogation interest of the employer was forfeited when he was found causally negligent in contributing to the injuries of its employee.

Although none of these decisions resolve the specific issue of counsel fees which is presented in the instant appeal, they do stand for the principle that an employer, prior to February 5, 1975, could not be required to pay an amount greater than his liability under the Workmen's Compensation Act. The statute requires the employer to pay a proportionate part of his employee's counsel fees only to the extent that the employer has been able to recover via subrogation the benefits previously paid to the employee as

workmen's compensation. It seems clear, therefore, that there is no statutory authority for assessing counsel fees against the employer where the employer's right of subrogation has been forfeited by his own negligence.

■ We acknowledge that by a split decision, the Court of Appeals for the Third Circuit reached a contrary result. See: *Grimm v. O.K. Keckley Co.*, 555 F.2d 123 (3d Cir. 1977). A majority of the Court held that an employer, who had forfeited his right of subrogation for workmen's compensation already paid because of his own negligence, was nevertheless required to pay a portion of the counsel fees voluntarily incurred by the employee in order to effect a third party recovery. A similar ruling was made by a panel of the Commonwealth Court in *Frank Irey, Jr., Inc. v. Workmen's Compensation Appeal Board*, 67 Pa.Cmwlth. 512, 519, 448 A.2d 647, 650–651 (1982) (allocatur denied November 5, 1982). These decisions, in effect, required the employer to pay an amount in excess of his maximum liability for workmen's compensation. This was directly contrary to the expressed intent of the legislature in the Workmen's Compensation Act. These decisions, moreover, cannot be squared with prior decisions of this Court and the Pennsylvania Supreme Court. Therefore, we decline respectfully to accept the rule espoused by a majority of the Court in *Grimm* and followed by the Commonwealth Court in *Irey*.

McDevitt argues in the alternative that the credit which Terminal is entitled to receive against the total verdict because of compensation previously paid by the employer should be reduced by a proportionate part of his counsel fees. This was the view expressed in a concurring opinion by Judge Hunter in *Grimm v. O.K. Keckley Co., supra.* The decided cases, however, have determined that "a defendant who has been held jointly liable with an additional defendant is entitled to a credit for the amount of compensation paid by the employer to the plaintiff." *Lee v. United States Plywood Corp., supra* 299 Pa.Super. at 169, 445 A.2d at 508 (emphasis deleted). If we were to accept

appellant's argument, moreover, the effect of our holding would be to compel a defendant in a negligence action to pay counsel fees to a successful plaintiff. This is contrary to the rule which, in the absence of extraordinary circumstances, requires each party to pay his or her own counsel fees.

■ The fundamental flaw in all of appellant's arguments is his assumption that an employee who has successfully maintained a third party action on a cause arising before February 5, 1975 is entitled to be reimbursed for some or all of his counsel fees. Once we accept the fundamental principle that each party is responsible for his own counsel fees, the decision in this case is clear. Such a result cannot be perceived as being unjust or unfair. The employee-plaintiff's damages were in the amount of $200,000.00. Of this amount, the sum of $39,012.26 was paid to him as workmen's compensation, presumably without the need to employ counsel.[5] The difference needed to make him whole was recovered from the third party tortfeasor as a result of an action prosecuted by counsel. For the work effort expended on the employee's behalf, counsel is entitled to be compensated by his client. We do not know and do not express any opinion regarding the fee agreement between counsel and his client. It may be observed, however, that contingent fee agreements, to be reasonable, are generally required to be based upon the amount of actual recovery and not on the amount of a verdict. *Miernicki v. Seltzer*, 312 Pa.Super. 166, 172, 458 A.2d 566, 569 (1983), *aff'd*, 505 Pa. 323, 479 A.2d 483 (1984). Thus, it is entirely reasonable and in accord with sound legal principles that appellant should be required to pay the fees of counsel who was able to recover from the third party an amount in excess of the workmen's compensation payments which the employee already had in hand. This is no more than is required of

5. This assumption is based on the fact that in this case there is no evidence that appellant or her decedent incurred any counsel fees in recovering workmen's compensation benefits following McDevitt's accident.

every plaintiff who successfully pursues an action to recover damages for personal injuries.

It is conceded by all parties that Scott Brothers paid in full its obligations under the Workmen's Compensation Act. The law is clear, therefore, and the trial court correctly held, that Scott Brothers is entitled to have the judgment against it marked "satisfied." See: *Hinton v. Waste Techniques Corp., supra* 243 Pa.Super. at 195, 364 A.2d at 727. See also: *Socha v. Metz, supra* 385 Pa. at 642–643, 123 A.2d at 842. The order directing partial satisfaction of the judgment against Terminal will also be affirmed.

Orders affirmed.